**UNITED STATES of America,**
**Appellee,**

v.

**Mark A. HARRIS, aka "Sealed**
**Defendant," Defendant—**
**Appellant.**

**Docket No. 03–1342.**

United States Court of Appeals,
Second Circuit.

Argued: Feb. 4, 2004.

Decided: Feb. 12, 2004.

Lawrence L. Kasperek, Rochester, New York, for defendant-appellant.

Elizabeth S. Riker, Assistant United States Attorney of the Northern District of New York (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief; Brenda K. Sannes, of counsel), Syracuse, New York, for appellee.

Before: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

SOTOMAYOR, Circuit J:

Mark A. Harris ("Harris") appeals from his conviction in the United States District Court for the Northern District of New York (Mordue, J.) for violations of the Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. No. 95–225, 92 Stat. 7 (codified as amended at 18 U.S.C. § 2251 *et seq.* (2000)) (the "Act")—particularly, 18 U.S.C. § 2252A(a)(5)(B), which prohibits the possession of child pornography. Following his two-count indictment, Harris filed motions to dismiss the indictment on various grounds, which the district court rejected. Subsequently, Harris pleaded guilty to both counts, but reserved the right to appeal the district court's denial of his pretrial motions on,

*inter alia,* the alleged unconstitutionality of the statute under which he was convicted.

On appeal, Harris asserts that § 2252A(a)(5)(B) is unconstitutional on its face and as applied to the circumstances of his case, and thus that the district court erred in failing to grant his motion to dismiss the indictment. Section 2252A criminalizes persons who:

> knowingly possess[ ] any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(5)(B). Harris contends that the federal criminalization of this activity by way of the materials-in-commerce prong oversteps Congress's authority under the Commerce Clause. *See* U.S. Const. art. I, § 8, cl. 3. Such activity has, he argues, only a remote connection to interstate commerce, and thus Congress's prohibition of this behavior does not pass muster as a proper exercise of Commerce Clause power in accordance with the Supreme Court's holdings in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (striking down provisions of the Gun–Free School Zones Act), *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (striking down provisions of the Violence Against Women Act), and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000) (construing 18 U.S.C.

§ 844(i) to cover only property currently used in commerce or in activity affecting commerce). Harris alternatively argues that even if the constitutionality of the Act is sustained under the Commerce Clause, we should find § 2252A(a)(5)(B) unconstitutional as applied to him because "his actions created only an attenuated relationship to interstate commerce." We disagree with both of Harris's arguments.

In *United States v. Holston,* 343 F.3d 83 (2d Cir.2003), this Court considered substantially identical facial and as-applied challenges to a related section of the Act. In *Holston,* the petitioner argued that § 2251(a) of the Act, which prohibits the production—rather than the possession as under § 2252A(a)(5)(B)—of pornographic depictions of children, exceeds Congress's authority under the Commerce Clause.[1] *Id.* at 84–85. There, petitioner contended that the materials-in-commerce prong of § 2251(a)—which resulted from an amendment substantially duplicating the jurisdictional language of §§ 2252A(a)(4)(B) and (a)(5)(B)—did not comport with the scope of Congress's powers as set forth in *Lopez* and *Morrison. Id.* at 86. We held, nevertheless, after considering each of the four factors in *Morrison* to determine the existence of a "substantial effect" on commerce, that § 2251(a) was a proper exercise of Congress's powers under the Commerce Clause, noting that "[b]ecause much of the child pornography that concerned Congress is homegrown, untraceable, and enters the national market surreptitiously, ... Congress, in an attempt to halt interstate trafficking, can prohibit local production that feeds the national market and stimulates demand, as this production substantially affects interstate commerce."

---

**1.** Section 2251(a) criminalizes the production of pornographic images of children in cases in which those depictions were "produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2251(a) (2000).

343 F.3d at 89–90. The *Holston* panel also rejected the defendant's as-applied challenge to the statute, concluding that petitioner's argument was foreclosed by *Proyect v. United States*, 101 F.3d 11 (2d Cir.1996) (per curiam). *Holston*, 343 F.3d at 90–91; *see also Proyect*, 101 F.3d at 14 (noting that where Congress has, through a valid exercise of its powers under the Commerce Clause, enacted legislation prohibiting a class of activities substantially affecting interstate commerce, "[t]he fact that certain intrastate activities within this class ... may not actually have a significant effect on interstate commerce is ... irrelevant").

Harris's challenge to § 2252A(a)(5)(B) cannot be distinguished in any meaningful way from this Court's holding in *Holston*. The fact that Harris challenges a provision located in a different section of the Act is a distinction without a difference. There is simply no basis for drawing a constitutional distinction between the two sections.[2]

For these reasons, the judgment of the district court is AFFIRMED.

---

**2.** We note that our conclusion is consistent with that of the majority of other Circuits that have considered this question. *See Holston*, 343 F.3d at 88 n. 2 (collecting cases).