**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Howard Thomas PORTER, Defendant–**
**Appellant–Cross–Appellee.**

**No. 04–3254–cr.**

United States Court of Appeals,
Second Circuit.

June 5, 2006.

---

Andrea G. Hirsch, New York, NY, for Defendant–Appellant–Cross–Appellee.

E. Scott Morvillo, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, of counsel, David C. James, on the brief), for Appellee–Cross–Appellant.

Present: JOSEPH M. McLAUGHLIN, DENNIS JACOBS, B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Howard Thomas Porter appeals from convictions for possession and interstate transmittal of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(a)(4)(B). He also appeals from his sentence. The government cross-appeals from Porter's sentence, arguing that the district court erred in refusing to apply a sentencing enhancement for possession of material depicting sadism, masochism, or violence. See U.S.S.G § 2G2.2(b)(3). We assume familiarity with the facts, the procedural history, and the issues on appeal.

1. Porter argues that the district court erred in admitting as evidence the transcripts of Internet chats between defendant and Detective Bostick (posing as "KANSASMOM"). The district court should exclude such evidence only "if its probative value is *substantially outweighed* by the danger of unfair prejudice." Fed.R.Evid. 403 (emphasis added). Because defendant failed to object at trial, we review for plain error. *United States v. Brown*, 352 F.3d 654, 665 n. 10 (2d Cir.2003).

The challenged evidence was highly probative as to motive, an issue that has bearing on Porter's entrapment defense. The transcripts constituted direct evidence of predisposition to transmit the pornography, in order to convince "KANSASMOM" to allow Porter sexual access to her daughter. Although the transcripts were prejudicial, the district court did not plainly err in concluding that prejudice did not substantially outweigh probative value.

2. Porter claims that his trial lawyer was constitutionally ineffective. To prevail on a claim of ineffective assistance, Porter must show that the representation "fell below an objective standard of reasonableness" judged by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Porter's attorney consciously decided to allow the transcripts into evidence, in aid of the entrapment defense; that defense could only be developed by showing the conversations between Porter by Officer Bostick. This strategy was unsuccessful; but "counsel's strategic choices are not to be judged by hindsight." *United States v. Monzon*, 359 F.3d 110, 120 (2d Cir.2004). Accordingly, Porter's ineffective-assistance-of-counsel claim fails.

3. Porter raises various claims *pro se.* These are all without merit. (i) The government presented sufficient evidence to allow the jury to conclude that pictures depicted children under 18. Jurors were entitled to make that determination according to their own perceptions and were also presented with direct evidence identifying certain images as depictions of known children. (ii) The government presented sufficient evidence to show a nexus with interstate commerce. The government may satisfy this element by showing that the computer that produced the images has traveled in interstate commerce, *United States v. Harris*, 358 F.3d 221, 222 (2d Cir.2004), which was done here. (iii) Agent Ferrante's expert testimony was properly admitted to assist the jury's understanding of the dates on which images on Porter's computer were down-

loaded and accessed. See Fed.R.Evid. 702(iv) Officer Bostick testified only to facts; Porter's objection to Bostick's "expert" testimony is misplaced. (v) There is no evidence that the government failed to comply with its discovery obligations. (vi) The Internet transcripts were not inadmissible hearsay; they are admissions by a party opponent, and therefore are not hearsay to begin with. Fed.R.Evid. 801(d)(2). (vii) Rule 901 requires that a witness authenticate evidence "to support a finding that the matter in question is what its proponent claims it to be," Fed. R.Evid. 901; Both Porter and Officer Bostick authenticated the Internet evidence by confirming that it accurately represented the conversations in question.

■ 4. The government cross-appeals, asking this Court to direct imposition of a four-level enhancement for an offense involving "material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(3) (2002). The government cites images of adult penetration of a child as depictions of painful abuse. *See generally United States v. Delmarle,* 99 F.3d 80, 83 (2d Cir.1996).

The district court refused to apply the enhancement because it could not confirm that the pictures in question depicted penetration; the district court believed the picture could plausibly depict "juxtapos[ition] or adjustment of position." "[W]e review the district court's findings of fact relevant to the application of [an enhancement] only for clear error, and we review *de novo* its legal conclusion that these facts establish [the enhancement] specified by the statute." *United States v. Florez,* 447 F.3d 145, 150 (2d Cir.2006). The district court did not clearly err in this factual conclusion: The pictures—digital images susceptible to manipulation—do not obviously indicate that penetration occurred. Accordingly, we refuse to order application of the enhancement.

5. Porter argues that he has preserved his objection to the mandatory application of the Sentencing Guidelines and is therefore entitled to be resentenced in conformity with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government concedes that a remand for resentencing is appropriate here, and we agree. See *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005).

For the foregoing reasons, the judgment of conviction is affirmed. The sentence imposed by the district court is vacated, and the case is remanded for proceedings consistent with this order.