22-763
United States v. Elhage

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-three.

PRESENT:
>       MYRNA PÉREZ,
>       ALISON J. NATHAN,
>       SARAH A. L. MERRIAM,
>
>               *Circuit Judges.*

---

United States of America,

>               *Appellee,*

>       v.                                                     **No. 22-763**

Jay F. Elhage,

>               *Defendant-Appellant.*

---

FOR APPELLEE:                    PAUL D. SILVER (Geoffrey J.L. Brown, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY.

FOR DEFENDANT-APPELLANT:          VIVIAN SHEVITZ, Esq., Royal Oak, MI.

Appeal from a judgment and two orders of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 4, 2022 judgment of conviction, the March 28, 2022 order denying a motion for acquittal, and the November 30, 2021 order denying a motion to dismiss of the district court are **AFFIRMED**.

Defendant-Appellant Jay F. Elhage appeals his conviction after trial in the United States District Court for the Northern District of New York (McAvoy, *J.*) for distribution, receipt, attempted receipt, and possession of child pornography. Elhage also appeals his sentence of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

## BACKGROUND

After an undercover investigation identified that Elhage was sharing child pornography, law enforcement searched Elhage's home and found devices containing more than 5,000 images and videos of child pornography. Elhage was indicted and unsuccessfully moved to dismiss the indictment on the basis that the United States Constitution grants states the exclusive power to criminalize his offense conduct. After trial, Elhage was convicted of distribution, receipt, attempted receipt, and possession of child pornography, including images involving minors who had not attained 12 years of age, pursuant to 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(B), (b)(1),

2

and (b)(2). The district court imposed a below-Guidelines sentence of concurrent 156-month terms of imprisonment for each count of conviction.[1]

STANDARD OF REVIEW

We review the constitutionality of a statute de novo, *United States v. Hassan*, 578 F.3d 108, 119 (2d Cir. 2008), and the substantive reasonableness of a sentence for abuse of discretion, "set[ting] aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)).

DISCUSSION

We reject Elhage's assertions that Congress exceeded its powers when enacting the federal statutes under which Elhage was convicted and that his sentence is substantively unreasonable because it was premised on the United States Sentencing Guidelines, which recommend sentences that are "too long" in child pornography cases. Appellant's Br. at 32.

**I.     Congress Has Authority to Criminalize Elhage's Offense Conduct**

With limited exceptions,[2] the Constitution "nowhere speaks explicitly about the creation of federal crimes." *United States v. Comstock*, 560 U.S. 126, 135 (2010). It "nonetheless grants Congress broad authority to create [federal] crimes," which authority "Congress routinely exercises . . . to enact criminal laws in furtherance of, for example, its enumerated powers to regulate interstate and foreign commerce." *Id.* at 136. We have held that Congress's

---

[1] The Court also imposed a fifteen-year term of supervised release with special conditions; a special assessment of $600; restitution of $15,000; and forfeiture of certain property. Elhage does not challenge any aspect of the sentence other than the term of imprisonment.

[2] *See* U.S. Const. art. I, § 8, cls. 6, 10 ("The Congress shall have Power . . . To provide for the Punishment of counterfeiting the Securities and current Coin of the United States; . . . To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations . . . ."); *id.* art. III, § 3, cl. 2 ("The Congress shall have Power to declare the Punishment of Treason . . . .").

3

criminalization of the possession of child pornography does not exceed Congress's authority under the Commerce Clause. *United States v. Harris*, 358 F.3d 221, 223 (2d Cir. 2004) (Sotomayor, *J.*); *see also United States v. Ramos*, 685 F.3d 120, 134 (2d Cir. 2012) ("§ 2252A clearly lies within Congress's powers under the Commerce Clause . . . ."); *United States v. Holston*, 343 F.3d 83, 90 (2d Cir. 2003) (finding Congress's "prohibit[ion on] the production of child pornography using materials that have moved in interstate commerce" to be "a permissible exercise of Congress's authority under the Commerce Clause"). Elhage has raised no compelling argument that would lead us to revisit these well-reasoned and established rulings,[3] even if we could. *See United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) ("[W]e . . . are bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court.").

To the extent Elhage is arguing that our precedents do not engage with the threshold question of whether Congress lacks authority to punish crimes not specifically enumerated in the Constitution, that was also squarely addressed by *Comstock*. There, the Supreme Court held:

> Neither Congress's power to criminalize conduct, *nor its power to imprison individuals who engage in that conduct* . . . is explicitly mentioned in the Constitution. But Congress nonetheless possesses broad authority to do *each of those things* in the course of 'carrying into Execution' the enumerated powers 'vested by' the 'Constitution in the Government of the United States,' Art. I, § 8, cl. 18—authority granted by the Necessary and Proper Clause."

---

[3] Elhage "rests his argument largely on statements of Thomas Jefferson, in a Resolution adopted by the Kentucky General Assembly in 1798," Appellant's Br. at 21, which challenged the constitutionality of the Alien and Sedition Acts on the basis that "all . . . acts which assume to create, define, or punish crimes, other than those so enumerated in the Constitution, are altogether void, and of no force; and . . . the power to create, define, and punish such other crimes is reserved, and, of right appertains solely and exclusively to the respective States," *id.* at 22 (quoting Kentucky Resolutions, 2d Resolved cl. (1798), *reprinted in* The Portable Thomas Jefferson 281, 282 (Merrill Peterson ed., 1979)). A single statement is a thin reed on which to base a challenge with such vast implications, especially in light of resounding contrary authority establishing Congress's authority to criminalize offenses not specifically enumerated in the Constitution.

4

560 U.S. at 137 (emphases added).  Therefore, any argument that the federal government lacks the authority to "punish for violations of rules adopted in service of Commerce Clause jurisdiction," Appellant's Br. at 23, is also foreclosed.

## II.     Elhage's Sentence Was Substantively Reasonable

The district court imposed a substantively reasonable sentence and did not abuse its discretion.  Elhage contends only that the "Guidelines are flawed" when it comes to sentencing persons convicted of child pornography offenses, so we "should not require Courts to start [by considering] the Guidelines in such cases."  Appellant's Br. at 26.  Our precedent encourages district courts to "take seriously the broad discretion they possess in fashioning sentences . . . bearing in mind that they are dealing with an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results."  *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010).  Far from suggesting that the district court acted carelessly or used the Sentencing Guidelines to reach a "shockingly high" sentence, *id.* at 183 (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)), the record indicates that the district court "careful[ly] consider[ed]" the record, submissions by counsel, and the factors outlined in 18 U.S.C. § 3553(a) before imposing a "non-guideline sentence" because "the guideline range is greater than necessary to meet the goals of sentencing," Gov't App'x at 95–96.  Indeed, in advocating for a "lenient sentence," Elhage's sentencing memorandum proposed a sentencing range that *included* the district court's eventual sentence of 156 months' imprisonment.  *Id.* at 85 (requesting "a lenient sentence—the mandatory minimum [of five years' imprisonment] or a sentence closer to that than the bottom-end 292 months under the [Sentencing Guidelines]," *i.e.*, a term of imprisonment between 60 and 176 months).  Accordingly, we conclude that Elhage's sentence is substantively reasonable and the district court did not abuse its discretion.  Moreover, we decline Elhage's request that we vacate his sentence and direct the district court to resentence

5

him "without the use of the Guidelines," Appellant's Br. at 33, for the additional reason that doing so would violate section 3553(a) and our precedent, *see* 18 U.S.C. § 3553(a)(4)(A)(i) (requiring that a sentencing court "shall consider . . . the sentencing range" set forth in the Sentencing Guidelines); *Cavera*, 550 F.3d at 188 ("The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider the factors listed in § 3553(a), including the advisory Guidelines range.").

We have considered Elhage's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the judgment of conviction, the order denying a motion for acquittal, and the order denying a motion to dismiss.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6