**UNITED STATES of America, Appellee,**

v.

**John C. DELMARLE, Defendant–Appellant.**

**No. 308, Docket 96–1140.**

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1996.

Decided Oct. 31, 1996.

Richard Resnick, Assistant United States Attorney, Rochester, NY (Patrick H. Nemoyer, United States Attorney for the Western District of New York, Rochester, NY, on the brief), for Appellee.

Peter J. Pullano, Rochester, NY, for Defendant–Appellant.

Before: KEARSE, LEVAL, and NORRIS *, Circuit Judges.

* Honorable William A. Norris, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

KEARSE, Circuit Judge:

Defendant John C. Delmarle appeals from a judgment entered in the United States District Court for the Western District of New York following his plea of guilty before Michael A. Telesca, *Judge*, convicting him of knowingly transporting pictures of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a) (1994). Delmarle was sentenced principally to a 60–month term of imprisonment, to be followed by a three-year term of supervised release. On appeal, he challenges his sentence, contending that the district court (1) erroneously enhanced his offense level pursuant to § 2G2.2(b)(3) of the federal Sentencing Guidelines ("Guidelines") for transmission of pictures that were "sadistic"; and (2) impermissibly departed upward (a) in offense level for his use of a computer to transfer the pictures to solicit a minor to engage in sexual activity with him, and (b) in criminal history category on account of a 1970 misdemeanor offense and a 1989 foreign in-absentia conviction. Delmarle also contends that even if some departure were warranted, the extent of these departures was unreasonable. For the reasons that follow, we find no error or abuse of discretion, and we therefore affirm.

## I. BACKGROUND

Delmarle pleaded guilty to violating § 2252(a) by shipping or transporting visual depictions of minors engaging in sexually explicit conduct, as defined by 18 U.S.C. § 2256 (1994). At his plea hearing, he admitted to sending 10 such visual depictions from New York via electronic mail ("E-mail") to an E-mail address in Florida belonging to an individual using the screen name "Aaron 12M." Aaron 12M, who in actuality was an adult confidential informant who maintained contact with Florida law enforcement officials, told Delmarle via E-mail that he was a 12–year–old boy. Delmarle sent brief E-mail messages with the pictures he sent to Aaron 12M. For example, one message accompanying a picture of prepubescent boys stated, "Here you are cutie"; another read, "Enjoy my young hoy [*sic*] friend"; and a third, accompanying a picture of a young boy engaged in anal intercourse, stated, "I want to do this to you sometime if you'll let me."

In addition, Delmarle sent Aaron 12M other E-mail messages and communicated with him in "real time" while he and Aaron 12M were on-line simultaneously. In these communications, Delmarle repeatedly asked to speak with Aaron 12M by telephone. He also expressed the desire to meet with Aaron 12M in person; Delmarle suggested that Aaron 12M tell his parents he was going camping, where he would not have access to a telephone.

The district court calculated that Delmarle's offense level under the applicable Guidelines would be 18. The court arrived at that figure by looking to Guideline § 2G2.2, which set a base offense level of 15; adding two steps because some of the materials transmitted "involved a prepubescent minor or a minor under the age of twelve years," Guidelines § 2G2.2(b)(1); adding four steps because one of the pictures portrayed "sadistic or masochistic conduct," *id.* § 2G2.2(b)(3); and subtracting three steps pursuant to Guidelines § 3E1.1 for Delmarle's acceptance of responsibility. However, as discussed in greater detail in Part II.B.1. below, the court determined that an upward departure in offense level under § 5K2.0 was warranted because Delmarle used a computer to solicit sexual activity with a minor child. Determining that a four-step departure was appropriate, the court fixed Delmarle's total offense level at 22.

Delmarle had no record of prior convictions that were to be counted under Guidelines §§ 4A1.1–4A1.2. Hence, under the Guidelines, his criminal history category would have been I. However, as discussed in greater detail in Part II.B.2. below, the court noted that Delmarle had been convicted in 1970 for unlawfully dealing with a minor and had been convicted in 1989 in Italy for sexual misconduct with three boys between the ages of nine and eleven. The court judged that a criminal history category of I significantly underrepresented both Delmarle's past criminal conduct and the likelihood that he would in the future commit crimes similar to that to which he pleaded guilty here. Accordingly, the court determined that a two-step upward

departure in criminal history category was warranted, placing Delmarle in category III.

For a defendant in criminal history category III with a total offense level of 22, the Guidelines prescribe an imprisonment range of 51–63 months. The court sentenced Delmarle to 60 months.

Judgment was entered accordingly, and this appeal followed.

## II. DISCUSSION

On appeal, Delmarle challenges his sentence, contending that (1) the district court's calculation of his Guidelines offense level was erroneous because the four-step enhancement for sending a "sadistic" picture was unwarranted, and (2) the departures were an abuse of discretion. We find no error in the district court's calculations nor any abuse of discretion in the departures.

### A. The Offense Level Enhancement Pursuant to § 2G2.2(b)(3)

■ . When a defendant is guilty of transporting material involving the sexual exploitation of a minor, the Guidelines instruct the district court to enhance the defendant's offense level by four steps "[i]f the offense involved material that portrays sadistic ... conduct." Guidelines § 2G2.2(b)(3). The district court concluded that the four-step enhancement was applicable because a photograph transmitted by Delmarle depicts a nude boy, about 8–9 years of age, having an unidentified object inserted into his anus. Delmarle contends that the image at issue did not portray sadism. We see no error in the district court's determination.

The Sentencing Reform Act of 1984 (the "Sentencing Reform Act"), 18 U.S.C. § 3551 et seq. (1994), 28 U.S.C. §§ 991–998 (1994) provides, in part, that in reviewing a sentence,

> [t]he court of appeals ... shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

Id. § 3742(e). We will not overturn the court's application of the Guidelines to the facts unless we conclude that there has been an abuse of discretion. See, e.g., United States v. Hernandez–Santiago, 92 F.3d 97, 100 (2d Cir.1996); United States v. Santiago, 906 F.2d 867, 871 (2d Cir.1990).

The term "sadism" is not defined in the Guidelines. Webster's Third New International Dictionary, consulted by the district court in the present case, defines sadism to include "the infliction of pain upon a love object as a means of obtaining sexual release," "delight in physical or mental cruelty," and the use of "excessive cruelty." It is plain that the subject of the picture in question is a young child. At the sentencing hearing, Delmarle's attorney conceded that the picture "certainly" showed "a young individual" (Sentencing Transcript, February 23, 1996 ("S.Tr."), 6.), a "prepubescent" child (id. at 5). Medical practitioners consulted by investigating agents estimated the age of the boy to be 8 or 9. It is also plain that a cylindrical object, of a circumference sufficiently substantial to make it quite likely to cause pain to one so young, is being inserted by an adult hand into the child's anus. At sentencing, Delmarle's attorney stated that the act depicted "would have to be painful." (Id. at 6.) Giving due deference to the district court's application of the Guidelines to the facts, we conclude that, whatever might be inferred as to the purpose of the act depicted or the reaction of the actor, it was within the court's discretion to conclude that the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic within the meaning of § 2G2.2(b)(3).

### B. The Departures

The Sentencing Reform Act provides that a sentencing court may impose a sentence higher or lower than the sentencing range established by the Guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). In seeking to determine whether a circumstance was adequately taken into consideration by the Commission, the courts are to "consider only the sentencing guide-

lines, policy statements, and official commentary of the Sentencing Commission." *Id. See generally Koon v. United States,* —— U.S. ——, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The Guidelines, in turn, state that the Commission has sought to set out a

> "heartland," a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.

Guidelines ch. 1 pt. A, intro. cmt. 4(b).

■ "A district court's decision to depart from the Guidelines ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Koon v. United States,* —— U.S. at ——, 116 S.Ct. at 2046. Because the courts of appeals see but a small fraction of the sentencing issues that arise under the Guidelines, *see id.* at ——, 116 S.Ct. at 2047 ("In 1994, for example, 93.9% of Guidelines cases were not appealed."), the "[d]istrict courts have an institutional advantage over appellate courts" in determining whether or not a given case, considering all of its circumstances, is within the heartland of typical cases. *See id.* Accordingly, such determinations by the district courts are subject to review under an abuse-of-discretion standard on appeal. *Id.*

### 1. The Offense–Level Departure Pursuant to § 5K2.0

■ Delmarle challenges the court's offense-level departure on the ground that his use of a computer to transmit images in violation of § 2252(a) was not outside the "heartland" of cases contemplated by the Commission because § 2252(a)(1), referenced in Guidelines § 2G2.2, makes it unlawful knowingly to transport or ship in interstate commerce a photograph of a minor engaging in sexually explicit conduct if such transport or shipment is "by any means *including by computer.*" 18 U.S.C. § 2252(a)(1) (emphasis added). This argument is wide of the mark.

The district court made clear that its offense-level departure was not simply for use of a computer but rather was "for the use of a computer in the sexual exploitation of children to commit sex crimes." (S. Tr. 45.) The district court found that "[t]he use of Internet computers to transfer child pornography to minors to seduce a minor to engage in sexual activity is outside the heartland of cases covered by the sentencing guidelines...." (*Id.*) While Guidelines § 2G2.2 deals with pictorial transmissions, it does not deal with the sending of such pictures for the purpose of soliciting sexual activity with the sender for the sender's own gratification. Nor does any guideline that governs sexual offenses relating to a minor deal with solicitation of sexual activity through the sending of exploitative pictures. We see no abuse of discretion in the court's determination that Delmarle's conduct was not within the heartland of cases considered by the Sentencing Commission in framing the Guidelines.

Delmarle also contends that there was no factual basis for the finding that he sent the images in an attempt to seduce a minor to engage in sexual activity. The record squarely refutes this contention. The district court's finding that Delmarle was soliciting sexual activity is supported by, *inter alia,* his sending Aaron 12M a picture of a young boy engaged in anal intercourse, along with the message, "I want to do this to you sometime if you'll let me." And though Delmarle also claimed that he knew Aaron 12M to be an adult because of the language patterns used, it was the province of the district court to assess Delmarle's credibility. The court did not credit his statement, concluding that Delmarle "felt he was communicating with a twelve year old male child even though he denies this now." (S. Tr. 46.) The court's rejection of the claim that when Delmarle sent the pictures he knew Aaron 12M was an adult is supported by, *inter alia,* Delmarle's repeated contemporaneous references to Aaron 12M as his "young" friend and the suggestion that they try to meet in person, with Aaron 12M concealing his whereabouts from his parents.

Finally, though Delmarle contends that the court should not have rejected his factual claims without a hearing, the record reveals that the court considered his affidavit and

allowed him to explain his claimed knowledge and motivations orally at the sentencing hearing. Delmarle had a full opportunity to be heard. Given the documentary record no more formal hearing was required.

### 2. The Criminal History Departure Pursuant to § 4A1.3

■ The Guidelines require the sentencing court to calculate a defendant's criminal history principally with reference to his prior sentences as categorized in Guidelines §§ 4A1.1 and 4A1.2. Under § 4A1.2(e), a sentence ordering imprisonment for not more than one year and one month, and imposed more than 10 years prior to the commencement of the defendant's current offense, is not to be counted. Under Guidelines § 4A1.2(h), a sentence for a foreign conviction is not to be counted.

The Guidelines encourage the sentencing court, however, to consider departing from the criminal history category computed strictly pursuant to §§ 4A1.1 and 4A1.2 "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." Guidelines § 4A1.3. Indeed, § 4A1.2(h) itself notes that a sentence resulting from a foreign conviction "may be considered under § 4A1.3"; and the commentary to § 4A1.2 states that information with regard to a superannuated conviction may be considered "in determining whether an upward departure is warranted under § 4A1.3," if such a conviction is "evidence of similar, or serious dissimilar, criminal conduct," Guidelines § 4A1.2 Application Note 8. While the Guidelines do not define "similar" criminal conduct, "it is plain that the prior conduct need not have been of an identical type." United States v. Mayo, 14 F.3d 128, 131 (2d Cir.1994).

In the present case, Delmarle's criminal history category was calculated under §§ 4A1.1 and 4A1.2 without regard to either his 1970 misdemeanor conviction for unlawfully dealing with a minor or his conviction in Italy for sexual misconduct with three young boys. The resulting criminal history category was I, the lowest category. The district court departed upward by two criminal history category steps pursuant to § 4A1.3 on the ground that category I did not adequately reflect Delmarle's past criminal conduct or the likelihood that he would commit further crimes. Delmarle challenges the departure, contending that the conduct underlying the 1970 conviction was not similar and that the Italian conviction was not entered in accordance with due process. We see no abuse of discretion.

As to the 1970 conviction, the presentence report prepared on Delmarle revealed that the underlying conduct was Delmarle's subjecting a 15–year–old to sexual contact when that minor was incapable of consent by reason of a factor other than age. Though that conduct was not identical to the conduct at issue here, it was plainly within the district court's discretion to view the prior sexual contact with a 15–year–old minor who was incapable of consent—for whatever reason— as sufficiently similar to Delmarle's solicitation of sexual contact with Aaron 12M, whom he believed to be a 12–year–old minor.

■ Nor do we see error in the district court's treatment of the Italian conviction. When the sentencing judge has been apprised of possible constitutional infirmities surrounding a foreign conviction—or even is informed of a conviction that has been vacated for constitutional infirmity, see Guidelines § 4A1.2 Application Note 6—he may nonetheless consider any reliable information concerning the conduct that led to that conviction in order, in an exercise of informed discretion, to determine whether the conduct warrants a departure. See id. ("criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to § 4A1.3"); United States v. Soliman, 889 F.2d 441, 444–45 (2d Cir.1989).

In the present case, Delmarle maintains that the Italian conviction was obtained without due process, having been entered in absentia after Delmarle was expelled from Italy by order of the Italian court, and should have been disregarded for that reason. The district court did not rely on the fact of the Italian conviction, however. The events,

which occurred while Delmarle was working in Italy as a civilian employee with the United States military, had been investigated by both an Italian agency and the United States Military Police. The court considered the investigative report of the United States Military Police, which was accompanied by extensive documentation. The court found that the investigative records showed that on several occasions, Delmarle had "used his own children as bait to encourage [neighbors'] children to be overnight guests at his home," and that "[w]hile they slept in their sleeping bags he molested them." (S. Tr. 41.) The court found that the information in the report was "reliable and relevant." (*Id.*) Delmarle did not point to any specific part of the report or the records that he contended was unreliable; he made only the most conclusory challenge to the reliability of "the information on which the [Italian] conviction was based" (Defendant's Statement with Respect to Sentencing Factors at 3), and argued without elaboration that the underlying evidence was "insufficient" (S. Tr. 9). His conclusory argument is insufficient to warrant questioning the district court's assessment that the information was reliable.

In sum, the district court's departure decisions were not an abuse of discretion. Given the factors considered by the court in departing, we also conclude that the overall extent of the departure was not unreasonable.

## CONCLUSION

We have considered all of Delmarle's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.