UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

No. 01-4785

ALAN DENNIS OSBORN,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-135)

Submitted: April 16, 2002

Decided: May 7, 2002

Before WIDENER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Alan Dennis Osborn appeals his sentence to eighty-four months in prison and three years of supervised release after pleading guilty to a charge by information of knowingly transporting and shipping in interstate commerce child pornography in violation of 18 U.S.C.A. § 2252A(a)(1) (West 2000). First, Osborn argues the district court erred when it applied a five-level enhancement under *U.S. Sentencing Guidelines Manual* § 2G2.2(b)(2)(B) (2000) for distribution of child pornography for the receipt, or expectation of receipt, of a thing of value. We review the district court's legal interpretations of the sentencing guidelines de novo and the underlying factual determinations for clear error. *United States v. Williams*, 253 F.3d 789, 791-92 (4th Cir. 2001). We have reviewed the district court's ruling and conclude the evidence was sufficient to conclude Osborn traded child pornographic material over the Internet within the meaning of the sentencing enhancement.

Second, Osborn argues the district court erred when it applied a four-level enhancement under § 2G2.2(b)(3) because the offense involved material portraying sadistic or masochistic conduct or other depictions of violence. Based on the depictions of young children being penetrated by adults and foreign objects, we conclude the enhancement was applicable. *See United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001), *cert. denied*, 70 U.S.L.W. 3641 (U.S. Apr. 15, 2002); *United States v. Lyckman*, 235 F.3d 234, 239 (5th Cir. 2000), *cert. denied*, 532 U.S. 986 (2001); *United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999); *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996).

Accordingly, we affirm Osborn's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*