**UNITED STATES of America,
Appellant,**

v.

**Lewis FIACCO, Defendant–Appellee.**

Docket No. 01–1648.

United States Court of Appeals,
Second Circuit.

Oct. 16, 2002.

Barbara D. Cottrell, Assistant United States Attorney (Joseph A. Pavone, United States Attorney for the Northern District of New York, Steven A. Tyrrell, Assistant United States Attorney, on the brief), Albany, NY, for Appellant.

David Brickman, Albany, NY, for Appellee.

Present WALKER, Chief Judge, CARDAMONE, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

The United States appeals from the November 29, 2001 judgment of the district

court convicting defendant-appellee Lewis A. Fiacco, following a jury trial, of three counts of constructive possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The government challenges the district court's decision at sentencing to depart downward from the criminal history category ("CHC") as calculated in the Presentence Report ("PSR") on the ground that it overrepresented the seriousness of Fiacco's criminal history.

At sentencing, the district court adopted the PSR's finding that Fiacco's base offense level was 24, pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), and that this level was increased by one point, pursuant to U.S.S.G. § 2K2.1, because the crime at hand involved at least three firearms. The district court declined the PSR's recommendation to add two offense level points for obstruction of justice and the government has not appealed that decision. With respect to Fiacco's CHC, the PSR calculated that Fiacco had 7 criminal history points: 3 points for a 1987 conviction for attempted reckless endangerment based on Fiacco's shooting a slingshot ball at a moving car; 3 points for a 1991 conviction for selling controlled substances to an undercover policeman; and 1 point for his 1999 conviction for threatening and assaulting his estranged wife. The 7 criminal history points placed Fiacco in a CHC IV. The PSR also detailed convictions and arrests that did not count towards Fiacco's CHC, including a conviction for a burglary of a motorcycle from a garage when Fiacco was 16, a conviction for Fiacco's participation in another burglary, in which for a payment of $10 he dropped off two co-defendants who then committed the burglary, and several convictions, arrests, and parole violations stemming from assaults, including assaults against police officers and a child, disorderly conduct, and failure to

report. The district court determined that a CHC of IV overstated the seriousness of Fiacco's criminal history and departed down to a CHC of III, which resulted in a Guidelines range of 70–87 months. The district court then imposed a 70–month sentence, to be followed by three years of supervised release, and also ordered Fiacco to pay a $300 special assessment.

We review the district court's decision to depart from the applicable Guideline range for abuse of discretion. *United States v. Franklyn,* 157 F.3d 90, 97 (2d Cir.1998) (citing *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). In so doing, we apply a three-part test:

> First, we determine whether the reasons articulated by the district court for the departure are of a kind or a degree that may be appropriately relied upon to justify the departure. Second, we examine whether the findings of fact supporting the district court's reasoning are clearly erroneous. Finally, we review the departure for reasonableness, giving considerable deference to the district court.

*United States v. Riera,* 298 F.3d 128, 132 (2d Cir.2002) (quoting *United States v. Khalil,* 214 F.3d 111, 124 (2d Cir.), *cert. denied sub nom. Abu Mezer v. United States,* 531 U.S. 937, 121 S.Ct. 326, 148 L.Ed.2d 262 (2000)).

The first part of this test is conducted *de novo. See United States v. Bauers,* 47 F.3d 535, 538 (2d Cir.1995). Section 4A1.3 of the U.S.S.G. expressly authorizes a district court to downwardly depart with respect to a defendant's criminal history category if "the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category." Therefore, a defendant's past criminal record and background clearly are factors that a sentencing court may

rely upon in determining whether a downward departure is warranted.

Because we conclude that the factors relied upon by the district court were proper as a matter of law, we next review the district court's factual determinations in support of the downward departure for clear error. *See Riera,* 298 F.3d at 132. After hearing arguments from both sides with respect to Fiacco's CHC, including the government's review of Fiacco's entire criminal history, the district court noted that "[b]y one point,[Fiacco had] come within a category IV criminal history," and concluded that CHC IV was "a little high and overstate[d] the seriousness of [Fiacco's] criminal conduct." In accordance with the Guidelines, the district court "consider[ed] the nature of the prior offenses rather than simply their number," which the Guidelines instruct "is often more indicative of the seriousness of the defendant's criminal record." U.S.S.G. § 4A1.3; *see also United States v. Ashley,* 141 F.3d 63, 69 (2d Cir.1998). In doing so, the district court found that Fiacco's criminal history consisted of "a number of infractions" that demonstrated that Fiacco had "a total disregard for authority and doing what's right," but that were "petty in nature.... A lot of stupid conduct ... [that was] irresponsible." The district court therefore departed downward to CHC III and sentenced Fiacco to the low end of the resulting Guidelines range. While this court, had we been standing in the district court's shoes, might have viewed Fiacco's criminal history differently, "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *United States v. Galante,* 111 F.3d 1029, 1036 (2d Cir.1997) (quoting *Williams v. United States,* 503 U.S. 193, 205, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992)). Rather, we accord substantial deference to the district court's " 'institutional advantage over appellate courts,' " who see but a small fraction of the sentencing issues that arise under the Guidelines, "in determining whether or not a given case, considering all of its circumstances, is within the heartland of typical cases." *United States v. Delmarle,* 99 F.3d 80, 84 (2d Cir.1996) (quoting *Koon,* 518 U.S. at 98, 116 S.Ct. 2035). Accordingly, we conclude that the district court's factual determinations in support of its conclusion that Fiacco's criminal history warranted a downward departure were not clearly erroneous.

Finally, in determining whether the extent of the district court's departure was reasonable, "[t]he central question is whether the reasons given by the district court ... are sufficient to justify the magnitude of the departure." *Ashley,* 141 F.3d at 70 (alteration in original) (internal quotation marks omitted). In placing Fiacco into a CHC of III, the district court essentially reduced Fiacco's criminal history points by one. There could be no smaller departure and, thus, having found that a departure was permissible based on the factual findings of the court, we see no basis for finding that the magnitude of the departure was unreasonable.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**