08-1886-cr
United States v. Freeman

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: May 8, 2009)                                      Decided: August 10, 2009)

Docket No. 08-1886-cr

UNITED STATES OF AMERICA,

     *Appellee*,

     v.

BRANDAN R. FREEMAN,

     *Defendant-Appellant.*

Before: CABRANES and WALLACE,[*]  *Circuit Judges.*[**]

     Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*) sentencing defendant-appellant principally to a seventy-eight month term of imprisonment for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Defendant-appellant challenges the District Court's imposition of a four-level sentencing enhancement pursuant to U.S.S.G § 2G2.2(b)(4) for the possession of materials portraying sadistic or masochistic conduct. Where, as here, a district court finds that (1) an image depicts sexual activity involving a minor and (2) the depicted activity would have caused pain to the minor, the court provides an adequate explanation of its decision to impose an enhancement under section 2G2.2(b)(4).

     Affirmed.

STEPHAN J. BACZYNSKI, Assistant United States Attorney

---

[*] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. 46(d); Local Rule 0.14(2); United States v. Desimone, 140 F.3d 457 (2d Cir. 1998).

(Kathleen M. Mehltretter, Acting United States Attorney, *on the brief*), Office of the United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee United States of America.*

JAY S. OVSIOVITCH, Assistant Federal Public Defender (Marianne Marino, Federal Public Defender, *on the brief*), Office of the Federal Public Defender for the Western District of New York, Rochester, NY, *for Defendant-Appellant Brandan R. Freeman.*

JOSÉ A. CABRANES, *Circuit Judge*:

Brandan R. Freeman appeals from a judgment of conviction entered on April 8, 2008, in the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*), for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).[1] On appeal, Freeman challenges his sentence on the ground that the District Court erred by imposing a four-level enhancement for the possession of images containing sadistic or masochistic conduct. *See* U.S.S.G. § 2G2.2(b)(4) ("If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels."). In light of the District Court's finding that the acts depicted in the photographs "would have to be painful," J.A. 123, and our holding in *United States v. Delmarle* that it is "within the [district] court's discretion to conclude that the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic within the meaning of § 2G2.2(b)[(4)]," 99 F.3d 80, 83 (2d Cir. 1996), we reject Freeman's challenge. We hold that when a District Court makes an objective determination that (1) an image depicts sexual activity involving a minor and (2) the depicted activity would have caused pain to the minor, the court establishes an adequate basis for the application of the enhancement set forth in section 2G2.2(b)(4).

## BACKGROUND

During the summer of 2006, Freeman, then a resident of Spencerport, New York, applied for a position in the Sheriff's Office of Maricopa County, Arizona. As part of the application process, Freeman was interviewed by a polygraph examiner, and, in the course of that examination, he admitted

---

[1] This subsection of the United States Code prohibits the knowing receipt or distribution of —

(A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(2).

that he had previously obtained child pornography from the internet in his New York home. The Sheriff's Office informed New York State authorities of Freeman's admission, and the New York authorities commenced an investigation, obtaining a warrant to search the computers located at Freeman's residence. On August 17, 2006, police officers executed the search warrant, seizing two computers. They also gave Freeman the opportunity to accompany them to the police station in order to make a statement. At the station, Freeman admitted that he viewed child pornography over the internet—an admission that was corroborated by a subsequent examination of the computers seized from Freeman's residence, which contained over two hundred images of child pornography. Several of the images stored on Freeman's computers depicted adult males vaginally penetrating prepubescent females.

The local New York authorities referred the matter to the U.S. Attorney's Office for the Western District of New York. On January 3, 2008, Freeman pleaded guilty, pursuant to a plea agreement, to a one-count information alleging that he received child pornography, in violation of 18 U.S.C. § 2252A(a)(2). At his plea colloquy, Freeman admitted that he "knowingly received images of child pornography on a computer" and that the "images had been shipped or transported in interstate and foreign commerce." J.A. 49. The District Court accepted Freeman's plea of guilty and ordered his detention pending sentencing.

The District Court held a sentencing hearing on April 4, 2008. According to a presentence investigative report ("PSR") prepared by United States Probation Office, Freeman's total offense level under the U.S. Sentencing Guidelines was 30, and his criminal history category was I, corresponding to an advisory Guidelines range of 97 to 121 months' imprisonment. Freeman's total offense level in the PSR included, among other things, a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1,[2] and a four-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4) for his possession of sadistic or masochistic images. Counsel for Freeman objected to these two enhancements, and the District Court sustained the objection to the obstruction of justice enhancement, concluding that the facts of this case did not show that Freeman had obstructed justice within the meaning of the relevant provision.[3]

---

[2] Pursuant to this provision,

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1.

[3] The government has not filed a cross-appeal challenging this determination.

3

The District Court denied defense counsel's objection to the four-level enhancement authorized by section 2G2.2(b)(4) of the Guidelines for the possession of images containing sadistic or masochistic conduct. In what the District Court described as "one of the more difficult aspects of its responsibilities," J.A. 122, it reviewed the photographs in question to determine whether they "portray[ed] sadistic or masochistic conduct or other depictions of violence," U.S.S.G. § 2G2.2(b)(4). The District Court described a sampling of the photographs as follows:

> One depicts an obviously prepubescent [girl] engaging in intercourse with an adult male. The second photograph . . . depicts . . . , again, a prepubescent girl, I judge, to be 7 or 8 with a penis inserted in her vagina; . . . [another] is a picture of an obviously prepubescent girl with a penis in her mouth and an adult penis in her vagina at the same time; . . . [another] picture [is] of an obviously prepubescent child with her legs spread open, an adult male holding his penis in close proximity to her vagina and there appears to be a sock stuck in her mouth; . . . [another picture showed] obviously, prepubescent children with their hands—with one's hands tied to the other's legs.

J.A. 121-22. Relying on our holding in *Delmarle* that it is "within the [district] court's discretion to conclude that the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic within the meaning of [section] 2G2.2(b)([4])," 99 F.3d at 83, the District Court concluded, based on its review of the photographs, that "an adult male inserting his penis into the vagina of a prepubescent child . . . [who in some cases was] as young as 6 or 7 years old would have to be painful," J.A. 123. Having made this determination, the Court ruled that the enhancement applied to Freeman's conduct. Defense counsel objected to the ruling.

Additional argument from defense counsel and the government ensued. The District Court then calculated Freeman's sentencing range under the advisory Guidelines, determining that Freeman's total offense level was 28 and his criminal history category was I, which corresponded to an advisory sentencing range of 78 to 97 months' imprisonment. The District Court sentenced Freeman at the low end of the Guidelines range—78 months' imprisonment—and imposed a twenty-year term of supervised release. Judgment entered on April 8, 2008, and this appeal followed.

## DISCUSSION

Freeman challenges his sentence on the ground that the District Court erred by imposing a four-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(4), for the possession of images containing sadistic or masochistic conduct. He argues that, "while [the District Court] commented that the depicted act 'would have to be painful,' it did not find that the images were 'sadistic or masochistic' or 'otherwise depicted violence,' as did both the sentencing court and the panel . . . in *Delmarle*." Appellant's Br. 11. Freeman claims that "[p]ain does not mean violence," and "a finding that an act

4

may have been painful to one of its subjects does not mean that it involved sadistic or masochistic conduct or otherwise depicts violence." *Id.* The government responds that Freeman's argument is an "'end run' around *Delmarle*" and "[n]o 'robotic incantation' of the term 'sadistic' [is] required" by Circuit precedent or the Guidelines. Appellee's Br. 8-9.

Because Freeman challenges the District Court's interpretation and application of the Guidelines, we review his challenge *de novo. See, e.g.*, *United States v. Gray*, 535 F.3d 128, 130 (2d Cir. 2008).

Freeman and the government agree that our holding in *Delmarle* governs this case, so we begin with a close examination of that decision. In *Delmarle*, the defendant was convicted of shipping or transporting visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a). *See* 99 F.3d at 82. At sentencing, the district court imposed a four-level enhancement under U.S.S.G. § 2G2.2(b)(4)[4] because "a photograph transmitted by Delmarle depicts a nude boy, about 8-9 years of age, having an unidentified object inserted into his anus." *Id.* at 83. Delmarle challenged his sentence on appeal, contending, *inter alia*, that the "image did not portray sadism." *Id.*

A panel of our Court rejected Delamrle's challenge to the application of the section 2G2.2(b)(4) enhancement. Noting that "sadism" was not defined in the Guidelines, the Court consulted dictionary definitions of the term, which included "the infliction of pain" for sexual gratification, "delight in physical or mental cruelty," and the use of "excessive cruelty." *Id.* (quoting *Webster's Third New International Dictionary* 2254 (1986)). With these definitions in mind, the Court described the content of the relevant photograph: (1) "It is plain that the subject of the picture in question is a young child;" and (2) "It is also plain that a cylindrical object, of a circumference sufficiently substantial to make it quite likely to cause pain to one so young, is being inserted by an adult hand into the child's anus." *Id.* The Court also noted the concession of Delmarle's attorney at the sentencing hearing that "the act depicted 'would have to be painful.'" *Id.* (quoting the sentencing transcript). In light of these facts, the *Delamrle* Court concluded,

> whatever might be inferred as to the purpose of the act depicted or the reaction of the actor, it was within the [sentencing] court's discretion to conclude that the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic within the meaning of § 2G2.2(b)([4])."

*Id.* Delmarle's conviction and sentence were affirmed.

---

[4] At the time of Delmarle's sentencing, this provision was numbered as section 2G2.2(b)(3).

While the analysis set forth is *Delmarle* is concise, it is also clear; and we read its holding as establishing two propositions.[5]

First, the determination of whether an image is sadistic under U.S.S.G. § 2G2.2(b)(4) is an objective one. As the Court explained, the "purpose of the act depicted [and] the reaction of the actor" are irrelevant to this determination. *Id.* A sentencing court need not determine whether the people depicted in the image are deriving sexual pleasure from the infliction of pain; nor need it gauge whether the viewer of the picture is likely to derive pleasure from the fact that the image displays painful sexual acts. There is also no need for the sentencing court to determine either why the defendant possessed the images or whether he derived pleasure from them. *See United States v. Richardson*, 238 F.3d 837, 840 (7th Cir. 2001) ("[L]iability for receiving violent child pornography is strict. Sentencing enhancements generally are imposed on the basis of strict liability rather than of the defendant's intentions or even his lack of care."). In sum, the subjective intent of those depicted in the image and of those who view the image are entirely irrelevant to the application of this enhancement. All that matters, as the text of the relevant provision of the Guidelines makes clear, is whether the "material portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(4). This determination must be made based on an objective analysis of the material in question.

Second, if a sentencing court finds that (1) an image depicts sexual activity involving a minor and (2) the depicted activity would have caused pain to the minor, that court need not make any additional findings in order to impose a four-level enhancement under U.S.S.G. § 2G2.2(b)(4). This conclusion is compelled by the *Delmarle* Court's holding that "it was within the [sentencing] court's discretion to conclude that the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic within the meaning of § 2G2.2(b)([4])." *Delmarle*, 99 F.3d at 83. We reject any suggestion that a district court need make findings beyond those listed above in order to conclude that subjecting children to painful sexual acts is objectively sadistic under section 2G2.2(b)(4).

Other Circuits have adopted similar standards governing the application of a sentencing enhancement under U.S.S.G. § 2G2.2(b)(4). *See, e.g.*, *United States v. Rearden*, 349 F.3d 608, 616 (9th Cir. 2003) ("[T]he district court did not improperly apply § 2G2.2(b)([4]) after finding that the images depicted subjection of a child to a sexual act that would have to be painful, and thus sadistic."); *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002) ("[A] photograph is sadistic within the meaning of Section 2G2.2(b)([4]) when it depicts the subjection of a young child to a sexual act that would have to be painful." (internal quotation marks omitted)); *United States v. Lyckman*, 235 F.3d 234, 239 (5th Cir. 2000) ("[I]it was certainly reasonable for the district court to infer that the conduct depicted by the photographs caused the children pain, physical or emotional or both, and therefore constitutes sadism

---

[5] We note in passing that, even if we were not bound by the holding in *Delmarle*, we would adopt these principles as a matter of logic.

6

or violence within the meaning of the guideline."); *United States v. Turchen*, 187 F.3d 735, 740 (7th Cir. 1999) (affirming imposition of enhancement after determining that "the sexual act depicted here was . . . 'quite likely to cause pain in one so young' and that 'the subjection of a young child to that act is excessively cruel and hence is sadistic.'" (quoting *Delmarle*, 99 F.3d at 83) (brackets omitted)).

Turning to the facts of this case, we observe that the District Court applied the section 2G2.2(b)(4) enhancement after citing the holding of *Delmarle* and making a finding that, based on its evaluation of the relevant photographs, the sexual contact "would have to be painful" to the children depicted, some of whom appeared to be as young as six or seven years old.[6] J.A. 123. As explained above, a sentencing court need find only that (1) an image depicts sexual activity involving a minor and (2) the depicted activity would have to cause the minor pain in order to establish a sufficient factual basis for the imposition of the enhancement. The District Court made adequate findings in this case.

Insofar as Freeman objects to the District Court's failure to state explicitly that it found the images to be sadistic, his argument is without merit. The District Court's reference to our holding in *Delmarle* and its finding that the sex acts depicted in the photographs "would have to be painful" to the children depicted, J.A. 123, make plain that the District Court considered the images to be sadistic within the meaning of section 2G2.2(b)(4). We therefore see no basis to question the decision of the District Court to impose the four-level enhancement for the possession of images depicting sadistic, masochistic, or otherwise violent conduct.

Freeman argues that, if the District Court's sentence is allowed to stand, it would mean that "the enhancement would apply to any act that a sentencing court believes could be painful." Appellant's Br. 14. Insofar as Freeman refers to images of sexual acts involving minors, we have no quarrel with his assessment of the implications of our affirmance of the District Court's judgment in this case. In our view, that principle was established in *Delmarle*. While we believe that *Delmarle* did not leave any ambiguity in the scope of this enhancement, we recognize that its terseness might invite challenges such as that brought by Freeman in this case. In order to remedy this perceived ambiguity, we now hold explicitly that, where a sentencing court finds, by a preponderance of the evidence, that (1) an image depicts sexual activity involving a minor and (2) the depicted activity would have caused the minor pain, it need make no further findings in order to impose a four-level enhancement under § 2G2.2(b)(4). Nothing more is required to support the imposition of this enhancement. Because the District Court made those findings in this case, and the record supports fully the decision of the District Court to impose a section 2G2.2(b)(4) enhancement, we reject Freeman's challenge to his conviction.

---

[6] This finding is consistent with those of other courts that have been required to consider whether the sexual penetration of a child by an adult male is painful. *See Rearden*, 349 F.3d at 615-16 (collecting cases).

**CONCLUSION**

The District Court's imposition of a four-level enhancement under U.S.S.G. § 2G2.2(b)(4) was based on its objective determination that (1) Freeman possessed materials depicting sexual activity involving minors and (2) the depicted activity would have caused the minors pain. We hold that those findings are adequate to support the imposition of the enhancement. The judgment of the District Court is therefore **AFFIRMED**.