09-3935-cr
US v. Hotaling

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2010

(Argued: September 20, 2010                    Decided: February 28, 2011)

Docket No. 09-3935-cr

_____

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN C. HOTALING,

Defendant-Appellant.

_____

Before: NEWMAN and HALL, Circuit Judges, and RESTANI,* Judge.
_____

Defendant-Appellant John Hotaling appeals the United States District Court judgment of

conviction of violation of 18 U.S.C. §§ 2252A(a)(5)(8) and 2256(8)(C) and the application of the

specific offense characteristic sentencing enhancement in the United States Sentencing

Guidelines Manual § 2G2.2(b)(4) [hereinafter "U.S.S.G."].  The defendant created child

pornography images by morphing photos of faces of children onto images of bodies of adults

engaged in sexually explicit conduct.  We AFFIRM.



*The Honorable Jane A. Restani, Judge of the United States Court of International Trade,
sitting by designation.

NATHANIEL J. DORFMAN, Assistant United States Attorney (Brenda K. Sannes, Assistant United States Attorney; Thomas Spina, Jr., Assistant United States Attorney, of counsel), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for Respondent-Appellee.

GENE V. PRIMOMO, Assistant Federal Public Defender, for Alexander Bunin, Federal Public Defender, Syracuse, NY, for Petitioner-Appellant.

RESTANI, Judge:

Defendant-Appellant, John Hotaling, appeals from a judgment of the United States District Court for the Northern District of New York (Mordue, J.) of conviction for violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(C) and imposition of a sentence based on a specific offense characteristic sentencing enhancement pursuant to U.S.S.G. § 2G2.2(b)(4). The district court concluded that the statute prohibiting possession of child pornography was not unconstitutionally overbroad as applied to defendant, nor unconstitutionally vague, and also applied a sentence enhancement on the basis of a photograph depicting sadistic or masochistic imagery. United States v. Hotaling, 599 F. Supp. 2d 306, 322 (N.D.N.Y. 2008). We conclude that the district court was correct in holding that child pornography created by digitally altering sexually explicit photographs of adults to display the face of a child is not protected expressive speech under the First Amendment. We also conclude that the application of the sentence enhancement based on a photograph that has been modified to portray a partially nude minor, restrained by handcuffs, a dog collar and leash, tied to a dresser was proper. Accordingly, we affirm.

## BACKGROUND

On December 20, 2007, Hotaling was charged in a one-count indictment with possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A) and (C). Hotaling

2

admitted to creating and possessing sexually explicit images of six minor females (Jane Does # 1–6) that had been digitally altered by a process known as "morphing." Hotaling, 599 F. Supp. 2d at 310. In this case, the heads of the minor females had been "cut" from their original, non-pornographic photographs and superimposed over the heads of images of nude and partially nude adult females engaged in "sexually explicit conduct" as defined by 18 U.S.C. § 2256(2). One of the photographs had Hotaling's face "pasted" onto that of a man engaged in sexual intercourse with a nude female who bore the face and neck of Jane Doe # 6. At least one additional photograph had been altered to make it appear that one of the minor females was partially nude, handcuffed, shackled, wearing a collar and leash, and tied to a dresser. Hotaling obtained the images of Jane Doe # 1 from a computer he was repairing for her family and the images of Jane Does # 2–6 from photographs taken by his daughters and their friends. While there is no evidence that defendant distributed or published the morphed photographs via the internet, some of the photographs had been placed in indexed folders that could be used to create a website. They were encoded in Hypertext Markup Language ("HTML"), bore annotations that they were "[g]enerated with Arles Image Web Page Creator," and labeled with the internet uniform resource locator ("URL"), "www.upstateteens.com." All of the HTML images were titled "[Jane Doe] Upstate NY's Hottest Teen" and bore the actual first name of the minor depicted.

Hotaling challenged his indictment under 18 U.S.C. § 2256(8)(C) in district court, asserting that the statute as applied was unconstitutionally vague and overbroad. Hotaling, 599 F. Supp. 2d at 311, 322. Specifically, he contended that no actual minor was harmed or exploited by the creation of the photographs, which existed solely to "record his mental fantasies" and thus were protected expressive speech under the First Amendment. Id. at 311–12. The district court, however, ruled that the pornographic images of known minors created via

3

computer morphing were not protected expressive speech under the First Amendment and therefore the statute as applied was not unconstitutionally overbroad, nor was it vague. Id. at 321–22. Defendant subsequently pled guilty to the charges[1] and the district court sentenced him to seventy-eight months in prison. The district court enhanced the sentencing guideline calculation pursuant to U.S.S.G. § 2G2.2(b)(4), because the images Hotaling possessed portrayed sadistic or masochistic conduct. The court based its application of the sentence enhancement on the photograph of the minor female that had been morphed to make it appear that she was partially nude, restrained by handcuffs, bound by a dog collar and leash, and tied to a dresser. Defendant challenges the district court's ruling and application of the sentence enhancement.[2]

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and Federal Rule of Appellate Procedure 4(b). We review the district court's ruling on the constitutionality of a statute de novo. United States v. Pettus, 303 F.3d 480, 483 (2d Cir. 2002). We review the district court's interpretation of the Sentencing Guidelines de novo and review findings of fact for clear error. United States v. Rubenstein, 403 F.3d 93, 99 (2d Cir. 2005).

---

[1] Defendant pled guilty but reserved the right to appeal.

[2] Although the district court ruled on the grounds of both overbreadth and vagueness, Hotaling seemingly challenges only the overbreadth ruling because he does not raise the latter in his brief. To the extent that he appeals the district court's ruling on vagueness, this claim also fails. In order to be void for vagueness, a statute must contain enough indeterminacy that it fails to provide a person of ordinary intelligence notice of what is prohibited or is "so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Williams, 553 U.S. 285, 304, 306 (2008). We find 18 U.S.C. § 2256(8)(C) is not unconstitutionally vague because it provides specific, determinable standards as to what is proscribed.

**DISCUSSION**

**I. Morphed child pornography utilizing the face of a child and the body of an adult is not protected expressive speech under the First Amendment.**

The district court held that morphed child pornography which uses the faces of known minors and the bodies of adult females is not protected expressive speech under the First Amendment and therefore Hotaling's indictment under 18 U.S.C. § 2256(8)(C) was constitutional. Hotaling, 599 F. Supp. 2d at 321–22. We agree.

Child pornography is defined in part under 18 U.S.C. § 2256(8) as:

> [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where . . . such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

18 U.S.C. § 2256(8), (8)(C). An "identifiable minor" is defined as:

> [A] person . . . who was a minor at the time the visual depiction was created, adapted or modified; or . . . whose image as a minor was used in creating, adapting, or modifying the visual depiction; and . . . who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature.

18 U.S.C. § 2256(9)(A).

The Supreme Court has long recognized that the government has a compelling interest in protecting minors from becoming victims of child pornography because of the physiological, reputational and emotional harm that distribution of such material imposes on them. See Ashcroft v. Free Speech Coal., 535 U.S. 234, 249 (2002). This distribution is "intrinsically related" to the sexual abuse of children, New York v. Ferber, 458 U.S. 747, 758–59 & n.10 (1982), and it is settled law that child pornography is not protected expressive speech under the

5

First Amendment. Id. at 758–60; see Free Speech Coal., 535 U.S. at 246 (listing categories of speech that are not protected under the First Amendment). In Ferber, the Supreme Court recognized that minors are harmed not only during the creation of child pornography, but are also haunted for years by the knowledge of its continued circulation. 458 U.S. at 759 n.10. These emotional and reputational harms are severe enough to render laws criminalizing the possession of child pornography constitutional in the interest of "stamp[ing] out this vice at all levels in the distribution chain." Osborne v. Ohio, 495 U.S. 103, 109–11 (1990) (noting that most of the child pornography industry is underground). The underlying inquiry is whether an image of child pornography implicates the interests of an actual minor. See, e.g., United States v. Williams, 553 U.S. 285, 289 (2008) ("the child-protection rationale for speech restriction does not apply to materials produced without children"); Free Speech Coal., 535 U.S. at 258 (holding that "virtual" child pornography, which did not use images of actual minors, was protected expressive speech under the First Amendment because it did not harm any real children through its production and continued existence). The Supreme Court has stated, albeit in dicta, that "[a]lthough morphed images may fall within the definition of virtual child pornography, they implicate the interests of real children and are in that sense closer to the images in Ferber." Id. at 242. Additionally, "[i]n the case of the material covered by Ferber, the creation of the speech is itself the crime of child abuse." Id. at 254.

Hotaling asserts that the morphed child pornography he created using the faces of actual minors and the bodies of adult females is protected speech under the First Amendment and therefore his conviction under 18 U.S.C. § 2256(8)(C) is unconstitutional as applied to him. He contends that the interests of actual children were not implicated because they were not engaged in sexual activity during the creation of the photographs. Hotaling wishes us to differentiate the

6

child pornography he created from the pornography addressed in United States v. Bach, 400 F.3d 622 (8th Cir. 2005), an Eighth Circuit case, which held that morphed images utilizing the bodies and faces of actual minors were not protected expressive speech.[3]  In Bach, the defendant morphed the face of a known minor onto a lasciviously posed body of another minor.  Bach, 400 F.3d at 632.  Hotaling's proposed differentiation, however, is misplaced because in Bach the court based its decision on the presence of a minor's recognizable face, finding that, "[a]lthough there is no contention that the nude body actually is that of [the minor] or that he was involved in the production of the image, a lasting record has been created of [him], an identifiable minor child, seemingly engaged in sexually explicit activity."  Id.  The court went on to hold that "[t]he interests of real children are implicated in the image received by Bach showing a boy with the identifiable face of [a minor] in a lascivious pose.  This image involves the type of harm which can constitutionally be prosecuted under Free Speech Coalition and Ferber."  Id.

We agree with the Eighth Circuit that the interests of actual minors are implicated when their faces are used in creating morphed images that make it appear that they are performing sexually explicit acts.  In this case, even though the bodies in the images belonged to adult females, they had been digitally altered such that the only recognizable persons were the minors.

---

[3]  Hotaling also relies on State v. Zidel, 940 A.2d 255 (N.H. 2008), a New Hampshire Supreme Court case with similar facts, which held that possession of morphed child pornography was protected under the First Amendment.  See Zidel, 940 A.2d at 263.  The defendant in Zidel created similarly morphed photographs using adult bodies and the faces of actual minors, who were not specifically identified by names and whose images appeared not on a computer hard drive but on a CD-ROM.  Id. at 256.  Although we are not bound by New Hampshire Supreme Court decisions, see, e.g., Lockhart v. Fretwell, 506 U.S. 364, 376 (1993) (Thomas, J. concurring) (citing the Supremacy Clause), Zidel is distinguishable because the photographs in this case were labeled with the minors' actual names, marked with a URL, indexed, and encoded in HTML.  As discussed infra, the use of their actual names further implicates the minors' interests and the formatting of the photographs situates them one step further into the chain of distribution.

Furthermore, the actual names of the minors were added to many of the photographs, making it easier to identify them and bolstering the connection between the actual minor and the sexually explicit conduct. Unlike the computer generated images in Free Speech Coalition, where no actual person's image and reputation were implicated, here we have six identifiable minor females who were at risk of reputational harm and suffered the psychological harm of knowing that their images were exploited and prepared for distribution by a trusted adult.

Hotaling's contention that he merely possessed the photographs, whereas the defendant in Bach had received morphed photographs via the internet, is similarly misplaced. These images fit clearly within the bounds of Ferber, and the Supreme Court has made it clear that the harm begins when the images are created. See Free Speech Coal., 535 U.S. at 254. In addition, we are especially concerned with the particular formatting and preparation of these sexually explicit images. The defendant had carefully indexed and labeled many of the images with an internet URL and encoded the files in HTML, which is used almost exclusively for publication on the internet. McGraw-Hill Dictionary of Scientific and Technical Terms 1037 (6th ed. 2003) (defining "HTML" as "[t]he language used to specifically encode the content and format of a document and to link documents on the World Wide Web"). These are not mere records of the defendant's fantasies, but child pornography that implicates actual minors and is primed for entry into the distribution chain. See Osborne, 495 U.S. at 110. When Osborne was decided, the Court noted that the child pornography industry had been driven underground, id., and more recently, Congress found that the vast majority of child pornography exists on "computer hard drives, computer disks, and/or related media" and is circulated primarily via the internet "from

-8-

trafficker to trafficker."[4]  PROTECT ACT, Congressional Findings, Pub. L. No. 108-21, 177

Stat. at 650.  Congress, noting that seized images were rarely "first generation" products, was

especially concerned with preventing the rise in trafficking and "retransmission" of such images,

particularly "composite" images that used parts of real children.  Id.  Morphed images such as

these clearly fall within the bounds of the underground, internet arena for child pornography that

Congress intended to address.  Sexually explicit images that use the faces of actual minors are

not protected expressive speech under the First Amendment.

## II. The sentence enhancement was properly applied based on the photograph depicting sadistic or masochistic conduct.

Defendant contends that the district court erred in applying the U.S.S.G. § 2G2.2(b)(4)

sentencing enhancement for portrayal of sadistic or masochistic conduct.  Under U.S.S.G.  §

2G2.2(b)(4), "[i]f the offense involved material that portrays sadistic or masochistic conduct or

other depictions of violence," a defendant's offense level is increased by four levels.  U.S.S.G. §

2G2.2(b)(4).  Hotaling asserts that the sentence enhancement was improperly applied because a

panel of this court previously held that a qualifying image needs to depict a minor engaged in

sexual activity that would cause the minor pain.[5]  See United States v. Freeman, 578 F.3d 142,

---

[4] The section Hotaling challenges, 18 U.S.C. § 2256(8)(C), was originally enacted by the Child  Pornography Prevention Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996). Congress, responding to an significant decrease in child pornography prosecutions after Free Speech Coalition, enacted the PROTECT Act, which is currently in force.  Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Congressional Findings, Pub. L. No. 108-21, 177 Stat. 677 (2003).  The specific language in 18 U.S.C. § 2256(8)(C) was not altered and the Court explicitly excluded section 2256(8)(C) from its holding in Free Speech Coalition.  Free Speech Coalition, 535 U.S. at 242.

[5] Hotaling also argues that in his particular case the enhancement should not apply because the photographs used to create his images did not involve a minor engaged in a sexual act.  Nonetheless, although the bodies in the photographs are of adult females, their faces have been altered to depict the minors engaged in sexual acts.  Indeed, the whole purpose of defendant's morphing the photographs was to alter them to portray those particular minors

148 (2d Cir. 2009). He contends that the restraints in the photograph are an insufficient basis on which to impose the sentence enhancement. We disagree.

In Freeman, the defendant was convicted of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and the district court applied a four-level enhancement to Freeman's sentence pursuant to § 2G2.2(b)(4) for his possession of sadistic or masochistic images. Freeman, 578 F.3d at 145. On appeal, a panel of this court held that, 1) the determination of whether an image is sadistic under § 2G2.2(b)(4) is an objective one, and, 2) "if a sentencing court finds that . . . an image depicts sexual activity involving a minor and . . . the depicted activity would have caused pain to the minor, that court need not make any additional findings in order to impose a four-level enhancement." Id. at 146; United States v. Delmarle, 99 F.3d 80, 83 (2d Cir. 1996) (concluding that "the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic within the meaning of [the sentencing guidelines]"). Furthermore, "[a]n image of an identifiable, real child involving sadistic conduct—even if manipulated to portray conduct that was not actually inflicted on that child—is still harmful, and the amount of emotional harm inflicted will likely correspond to the severity of the conduct depicted." United States v. Hoey, 508 F.3d 687, 693 (1st Cir. 2007).

We hold that § 2G2.2(b)(4) applies in cases of morphed child pornography where a sentencing court, applying an objective standard, finds by a preponderance of the evidence that the morphed image portrays both sexual activity involving a minor and sadistic conduct which includes the likely "infliction of pain," "delight in physical or mental cruelty," the use of

_____

engaged in sexually explicit conduct. Hotaling's argument that the photographs did not portray minors is therefore unavailing.

-10-

"excessive cruelty," or "other depictions of violence."[6] See Freeman, 578 F.3d at 146; Delmarle, 99 F.3d at 83 (internal quotation marks omitted); Hoey, 508 F.3d at 691 (internal quotation marks omitted); U.S.S.G. § 2G2.2(b)(4).  Applying this standard, we find there is no clear error in the district court's determination that the image portrayed a minor engaged in sadistic conduct.  The image made it appear that a minor was partially nude, handcuffed, shackled, wearing a collar and leash, and tied to a dresser.  Not only does this image portray the minor in a situation that would have caused at least some level of pain, it meets the broader definition of "sadistic conduct" because it portrays a situation that involves physical and mental cruelty, here in the form of forcible restraint.  See Freeman, 578 F.3d at 145; U.S.S.G. § 2G2.2(b)(4).  Accordingly, the district court properly applied the sentence enhancement.

## CONCLUSION

For the foregoing reasons, the judgment of conviction and sentence of the district court is AFFIRMED.

---

[6] Given our holding in this case, we need not consider whether the photograph portrayed masochistic conduct.