14-1898-cr
United States v. Killingbeck

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         PIERRE N. LEVAL,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                14-1898-cr

JOHN C. KILLINGBECK,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          John C. Killingbeck, pro se, Fort Dix, New Jersey.

FOR APPELLEE:           Lisa M. Fletcher and Steven D. Clymer, for Richard S. Hartunian, United States Attorney for the Northern

1

District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

John C. Killingbeck, pro se, appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, _J._), convicting him of receipt and possession of child pornography, see 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B), and sentencing him principally to a 240-month term of incarceration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  Killingbeck argues that his conduct was protected by the First Amendment because child pornography is constitutionally protected speech. We review _de novo_ a First Amendment challenge to a criminal conviction. United States v. Caronia, 703 F.3d 149, 160 (2d Cir. 2012). "[I]t is settled law that child pornography is not protected expressive speech under the First Amendment." United States v. Hotaling, 634 F.3d 725, 728 (2d Cir. 2011); see also New York v. Ferber, 458 U.S. 747, 756 (1982). The fact that Killingbeck obtained the pornographic material through "Usenet"--a precursor to the modern internet--does not affect the analysis. None of the statutory and regulatory provisions cited by Killingbeck stands for the proposition that the receipt of child pornography through Usenet is immunized from criminal prosecution.

2.  Killingbeck argues that Usenet is not a means of commerce and that the government therefore failed to prove the interstate commerce element of 18 U.S.C. § 2252A(a)(2)(A) and § 2252A(a)(5)(B). The government proved the interstate commerce element by adducing evidence that the hard drives on which Killingbeck stored the pornography were manufactured abroad, in Thailand and Singapore. "[T]he act of using computer equipment manufactured outside the United States to produce child pornography meets the jurisdictional requirement of § 2252A(a)(5)(B)." United States v. Ramos, 685 F.3d 120, 133 (2d Cir. 2012).

2

**3.** Killingbeck argues that his Fourth Amendment rights were violated because the investigating police officers lacked probable cause to interview him and to execute a search of his computers. The Fourth Amendment is not implicated simply because a police officer interviews an individual; "[r]ather, a seizure takes place only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." United States v. Springer, 946 F.2d 1012, 1016 (2d Cir. 1991) (citation, internal quotation marks, and brackets omitted). There is no evidence that Killingbeck was seized during his interview; his subjective belief to the contrary is irrelevant. Id. The search warrant was supported by probable cause: during the (recorded) interview with the officers, Killingbeck admitted that he used his computer to access pornographic images involving children between the ages of five and eight, and had done so as recently as a month prior to the interview.

**4.** Killingbeck argues that his Sixth Amendment right to a public trial was violated because the district court granted the government's request not to display trial evidence showing images of child pornography on the monitors that were visible to courtroom spectators. (Those images were displayed on monitors visible only to the court, testifying witnesses, counsel, and the jury.) Killingbeck (who was pro se at trial) did not object to the district court's ruling.

The Sixth Amendment creates a "presumption of openness" in criminal trials. United States v. Gupta, 699 F.3d 682, 687 (2d Cir. 2011) (internal quotation marks omitted). "The public trial guarantee is not absolute, however." Id. Court proceedings may be partially or wholly closed to the public if doing so would serve some overriding interest.

A trial court's decision to wholly or partially exclude the public from a proceeding is not subject to harmless error review, but may be subject to plain error review. United States v. Gomez, 705 F.3d 68, 74 (2d Cir. 2013). Because Killingbeck did not object to the district court's decision below, we review the court's decision for plain error.

We need not decide whether the district court erred because even if it did, that error was not "plain" and did not seriously affect "the fairness, integrity, or public

3

reputation" of the trial. <u>Id.</u> at 76. Even assuming that restricting the display of trial exhibits to the courtroom audience constitutes a partial "closure" for Sixth Amendment purposes, the government presents substantial reasons for doing so-limiting the continuing harm to victims of child pornography. <u>Cf.</u> <u>Osborne v. Ohio</u>, 495 U.S. 103, 111 (1990) ("The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come."). Moreover the restriction was narrow: the public was not excluded from the courtroom and could see the witnesses and hear their testimony. <u>Cf.</u> <u>Gupta</u>, 699 F.3d at 687 (exclusion of public from courtroom during entire <u>voir dire</u> violated the Sixth Amendment). A trivial closure, even if intentional and unjustified, may not rise to the level of a Sixth Amendment violation. <u>Carson v. Fischer</u>, 421 F.3d 83, 92 (2d Cir. 2005) ("Even an unjustified closure may, in some circumstances, be so trivial as not to implicate the right to a public trial."). On this record, we are satisfied that any error by the district court was not plain and did not seriously affect the fairness, integrity, or public reputation of the trial.

For the foregoing reasons, and finding no merit in Killingbeck's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4