# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant FREDYSHERNAN CONTRERAS-RAMOS**
**United States Army, Appellant**

ARMY 20160182

Headquarters, Fort Carson
Lanny Acosta Jr., Military Judge
Colonel Gregg A. Engler, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Melissa R. Covolesky, JA; Captain Katherine L. DePaul, JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Captain Natanyah Ganz, JA (on brief).

30 January 2018

----------------------------------
OPINION OF THE COURT
----------------------------------

SALUSOLLIA, Judge:

In this case, we  decide two important issues.  First, we decide that "morphed" images constitute child pornography.  Second, we determine the government was barred from charging appellant with creating visual depictions of his minor daughters engaging in indecent conduct because such conduct is covered by a listed child pornography offense.  *Manual for Courts-Martial, United States* (2012 ed.) [*MCM*], part IV, ¶ 60.c.(6)(c); *United States v. Guardado*, 77 M.J. _, 2017 CAAF LEXIS 1142 (C.A.A.F. 12 Dec. 2017).[1]

---

[1] This court notes ¶ 60.c.(6)(c) has been removed from the 2016 *MCM*.  Because this case is decided under the 2012 *MCM*, we need not address the significance, if any, of this change.

CONTRERAS-RAMOS—ARMY 20160182

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave (AWOL), one specification of possession of child pornography, and one specification of wrongfully creating visual depictions of his minor daughters, thereby engaging in indecent conduct, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 934 (2012) [UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for four years, and reduction to the grade of E-1.

We review this case under Article 66, UCMJ. Appellant raises three assignments of error pertaining to Specification 2 of Charge II. Because we hold the government was barred from charging this novel offense, we dismiss the specification and need not reach the assigned errors.

## BACKGROUND

Appellant downloaded and possessed multiple images of child pornography. Using preexisting photos, he also created about one hundred images depicting his daughters, ages eight and thirteen, engaging in various types of sexually explicit conduct. The created images form the basis of Specification 2 Charge II, which reads:

> In that Staff Sergeant Fredyshernan Contreras-Ramos, U.S. Army, did, at an unknown location, between on or about 2 July 2012 and on or about 10 June 2014, knowingly and wrongfully create visual depictions of his minor daughters, A.C. and M.C., and other children engaging in indecent conduct, such conduct being of a nature to bring discredit upon the armed forces.

Appellant filed a motion to dismiss for failure to state an offense. During a lengthy hearing, where the government admitted that it believed some of the images amounted to child pornography even before appellant manipulated them, the military judge denied defense counsel's motion and entered his findings of fact and conclusions of law on the record. In his findings, the military judge found the morphed images contained in Specification 2 depict minors engaging in what appears to be sexually explicit conduct. He also ruled that the created images "contain indecent conduct and obscenity and meet the definitions of child pornography as defined by Article 134 and 18 U.S.C. 2256."

Appellant entered into a stipulation of fact with the government in which he agreed all the facts therein "may be considered by the military judge and any appellate authority in determining the providence of the Accused's pleas of guilty and may then be considered by the sentencing authority in determining an

2

appropriate sentence, even if the evidence of such facts is deemed otherwise inadmissible." The parties agreed "for the purposes of this or any subsequent appeal, re-hearing, or re-trial, that the following facts [in the stipulation] are true, susceptible to proof, and admissible in evidence." The stipulation of fact and its enclosures outline appellant's multiple acts of viewing, possessing, and creating images constituting child pornography.

Prior to sentencing, the parties discussed the maximum possible punishment. The government argued this specification should be treated the same as the child pornography images that form the basis of Specification 1 of Charge II. Appellant argued that if the government thought it amounted to child pornography, it should have charged it as such. Again, the military judge denied appellant's objection.

## LAW AND ANALYSIS

While the military judge did not err in concluding that most of the morphed images created child pornography as defined by Article 134, UCMJ, we hold that the government may not charge this as a general disorder offense as it is otherwise listed as an Article 134, UCMJ, offense.[2]

### Standard of Review

Our superior court has held "the government may not charge a general disorder offense if the offense is otherwise listed as an Article 134, UCMJ, offense." *United States v. Guardado*, 77 M.J. _, 2017 CAAF LEXIS 1142 (C.A.A.F. 12 Dec. 2017). Whether this is the case is a question of law that we review de novo. *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citing *United States v. Falk*, 50 M.J. 385, 390 (C.A.A.F. 1999)).

### *"Morphing" is Child Pornography*

Appellant's creation of visual depictions raises the issue whether these "morphed" images constitute child pornography. The difference between morphed

---

[2] After a close review, we find the vast majority of images encompassing Specification 2 constitute child pornography. We also find the handful of images that do not constitute child pornography also do not depict indecent conduct involving children and thus do not form a basis for affirming the specification.

images and organic images is that morphed images are a result of manipulating a photo to make it appear that someone else is a subject of the image.[3]

In the instant case, appellant admitted he created about one hundred images that make up Specification 2 of Charge II. He stated he used software to manipulate the photos. Appellant admitted he took existing pictures of his daughters, ages eight and thirteen, and made them appear sexual. For example, in some images, he described adding cleavage or exposed breasts. He also admitted to manipulating the images so that he posed his daughters in sexual positions. Moreover, appellant

---

[3] When it comes to determining whether a morphed image constitutes child pornography, 18 U.S.C. § 2256 is instructive because Article 134, UCMJ is "generally based on 18 U.S.C. § 2252A." *MCM*, Appendix 23, ¶ 68b. 18 U.S.C. § 2256 defines:

(8) "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

    (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
    (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
    (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

(9) "identifiable minor"—
    (A) means a person—
        (i)
            (I) who was a minor at the time the visual depiction was created, adapted, or modified; or
            (II) whose image as a minor was used in creating, adapting, or modifying the visual depiction; and
        (ii) who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; and
    (B) shall not be construed to require proof of the actual identity of the identifiable minor.

admitted to cropping his daughter's faces and placing them into other images that were already sexual in nature.

Appellant manipulated many images to include his own naked body and exposed genitalia. In those images, appellant made it appear he was engaging in sexually explicit conduct with his minor daughters. He explained that in those images he made it appear he was engaging in vaginal and oral sex with his daughters. In short, some of the organic images began with sexually explicit conduct, while others became a display of sexually explicit conduct because of how appellant manipulated them. As appellant morphed his own children, it is axiomatic that they are identifiable minors.

Within federal jurisprudence, morphed images and organic images of child pornography are overwhelmingly treated the same and do not implicate First Amendment concerns. For example, the U.S. Court of Appeals for the Eighth Circuit, in *United States v. Bach*, 400 F.3d 622 (8th Cir. 2005), held that morphed images using bodies and faces of actual minors are not protected speech.[4] There, Bach took a picture of a naked male, sitting in a tree with his erect penis lasciviously exposed and morphed the image of a sixteen-year-old known boy. The *Bach* court distinguished this morphed image from the type of virtual images addressed in *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 249 (2002), on the basis that this morphed image created a "lasting record" of the known boy "seemingly engaged in sexually explicit activity."[5] *Bach*, 400 F.3d at 632. The court went on to find that this morphed image created an "identifiable child victim of sexual

---

[4] In *United States v. Anderson*, 759 F.3d 891 (8th Cir. 2014), the Eighth Circuit also held that the child pornography statute satisfied strict scrutiny under the First Amendment where the violation of the statute consisted of a minor's face morphed on an image of an adult. While distinguishing this case factually from *Bach*, the court upheld Anderson's conviction reasoning that the government has a compelling interest in protecting minors from the significant harms associated with morphed images.

[5] In *Ashcroft v. Free Speech Coal.*, 535 U.S. 234 (2002), the United States Supreme Court held that the federal prohibition against "virtual child pornography"—images that depict minors but were created entirely digitally without the use of real children—was unconstitutionally overbroad. However, the Supreme Court left open the question of whether morphed images can constitute child pornography. *Id.* at 242. Additionally, our superior court held that virtual child pornography can be prejudicial to good order and discipline and service discrediting. *See United States v. Mason*, 60 M.J. 15, 16 (C.A.A.F. 2004); *United States v. Brisbane*, 63 M.J. 106, 116-17 (C.A.A.F. 2008).

exploitation" who may be victimized every time that image is viewed, whereas a wholly virtual image does not produce the same harm.

Similarly, the U.S. Court of Appeals for the Second Circuit, in *United States v. Hotaling*, 634 F.3d 725 (2d Cir. 2011), rejected appellant's claim that his conviction for a violation of 18 U.S.C. §§ 2252(a)(5)(B) and 2256(8)(c) was unconstitutional because putting faces of actual minors on the bodies of adult females was protected speech under the First Amendment. Rather, the court held that in cases such as this, "the interests of actual minors are implicated when their faces are used in creating morphed images that make it appear that they are performing sexually explicit acts." *Id*. at 729-30. *See also Shoemaker v. Taylor*, 730 F.3d 778, 786 (9th Cir. 2013) (recognizing that morphed images, falsely portraying child victims as engaging in sexual activity, are records of harmful sexual exploitation of children).

While only persuasive authority, we note one of our sister courts has also faced a similar issue and treated morphed images the same as organic images of child pornography, though this was not a case charged under the current listed Article 134, UCMJ, offense. *See United States v. Bell*, NMCCA 201200517, 2014 CCA LEXIS 117 (N.M. Ct. Crim. App. 2014) (finding that appellant's possession of a morphed image "was but one of many other images of child pornography knowingly possessed by the appellant").

In short, the pernicious harm to the child victims featured in child pornography, organic or morphed, has the same potential to be everlasting. Thus we see no difference between morphed images and organic images and find that possessing, producing, or distributing either constitutes the offense of child pornography under Article 134, child pornography. We now address the implications of our finding on the charged offense.

*Failure to State an Offense*

Despite the applicability of the President's listed Article 134 offense, child pornography, the government elected not to charge appellant's conduct as such; instead it chose to charge him with a novel offense under clause 2 of Article 134, UCMJ. The novel offense appears to be a hybrid of child pornography and indecent conduct, using a service discrediting approach.[6]

---

[6] Even though the military judge ruled the novel charge in Specification 2 of Charge II stated an offense, the military judge appeared to conflate the listed Article 134 offense, child pornography, with the novel charge by using the definitions of "obscene" and "sexually explicit" to explain the term "indecent conduct" during the

(continued . . .)

As our superior court recently held, the President has limited the ways in which the government can charge offenses under Article 134, UCMJ. *Guardado*, 77 M.J. at _, 2017 CAAF LEXIS 1142, at *13. Namely, when an offense is specifically listed as an Article 134, UCMJ, offense the government cannot charge the conduct in a manner that reduces the governmnet's burden of proof by charging it as "a 'novel' general disorder offense." *Id.* (citing *United States v. Reese*, 76 M.J. 297, 302 (C.A.A.F. 2017)). *See also MCM*, pt. IV, ¶ 60.c.(6)(c).

Article 134, UCMJ, defines "child pornography" as "material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct." *MCM*, pt. IV, ¶ 68.c.(1). In the charge, the government alleged that the images were "indecent." This had the effect of lessening the government's burden of having to prove that the images were also "sexually explicit." Having reviewed the images created by appellant which form Specification 2 of Charge II, we agree with the military judge that almost all of the images charged in Specification 2 "meet the definitions of child pornography as defined by Article 134." All but a handful of the morphed images to which appellant pleaded guilty are visual depictions of minors engaging in sexual explicit conduct and are child pornography as defined by Article 134, UCMJ, *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), *aff'd sub nom., United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), and *United States v. Roderick,* 62 M.J. 425 (C.A.A.F. 2006).[7]

We therefore conclude the government was barred from charging this novel offense under clause 2 of Article 134, UCMJ, and thus Specification 2 of Charge II fails to state an offense under the UCMJ. *Guardado*, 77 M.J. at __, 2017 CAAF LEXIS 1142, at *16. *See also Reese*, 76 M.J. at 302-04. We also cannot affirm Specification 2 as a novel indecent conduct specification under Article 134, UCMJ,

---

(. . . continued)
providence inquiry. Notwithstanding the military judge's use of these definitions in defining the elements of the novel offense, the record clearly reflects that appellant did not believe or agree he was pleading guilty to producing child pornography. Further, during a discussion of the maximum punishment, appellant's counsel affirmed appellant was not pleading to child pornography with respect to Specification 2 of Charge II. Consequently, we also find there was not a knowing and voluntary plea to child pornography.

[7] To the extent that appellant's guilty plea waived whether the specification alleged an offense, we choose to exercise our Article 66(c) authority to notice the issue. See generally, Rule for Courts-Martial 907(b)(2)(E)(2016 *MCM* waivable grounds to dismiss).

because the other handful of images did not constitute indecent conduct involving children.

### Sentence Reassessment

We are able to reassess the sentence in this case, and do so after a thorough analysis and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). A court of criminal appeals must "assure that the sentence is appropriate in relation to the affirmed findings of guilty, [and] that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed." *Sales*, 22 M.J. at 307-08 (quoting *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985)). "If the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error. . . ." *Sales*, 22 M.J. at 308.

Weighing in favor of reassessment is the fact that appellant chose to be sentenced by a military judge. The dismissal of Specification 2 of Charge II reduces appellant's exposure from forty-one years and six months to eleven years and six months. The gravamen of the criminal conduct remains substantially the same, and the stipulated fact that appellant used images of his own daughters to make these obscene morphed images is clearly aggravating.[8]

Appellant remains convicted of possessing child pornography, as well as AWOL. These remaining offenses are of the type with which this court has experience and familiarity, and can reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's conduct, the military judge sitting alone as a general court-martial, would have imposed a sentence of at least a bad-conduct discharge, confinement for forty-two months, and a reduction to the grade of E-1.

---

[8] The parties agreed in the stipulation of fact that the images encompassing Specification 2 were admissible. Further, these images were attached as enclosures to the stipulation of fact. While these images no longer constitute evidence supporting a finding of guilty to Specification 2, the vast majority of these images are child pornography. The military judge and this court can consider these child pornography images on sentencing because of the parties' contractual agreement in the stipulation of fact.

**CONCLUSION**

The finding of guilty of Specification 2 of Charge II is set aside and that specification is DISMISSED. The remaining findings of guilty are AFFIRMED. Reassessing the sentence based on the noted error and the entire record, we AFFIRM only so much of the approved sentence as provides for a bad-conduct discharge, confinement for forty-two months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge CAMPANELLA concurs.

FLEMING, Judge, concurring in part and dissenting in part:

While I concur with my esteemed colleagues' decision to dismiss Specification 2 of Charge II, I would affirm the approved sentence. After a review of the entire record, to include the evidence in the stipulation of fact, and appellant's conduct, I find a military judge, sitting alone as a general-court martial, would have imposed a sentence of at least that which was approved, and accordingly I would affirm the approved sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court