*This opinion is subject to administrative correction before final disposition*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, LAWRENCE, and STEWART
Appellate Military Judges

———————————————

**UNITED STATES**
*Appellee*

**v.**

**Noah F. MARTIN-MOORE**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 201900250**

Decided: 8 February 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Wilbur Lee

Sentence adjudged 20 June 2019 by a general court-martial convened at Marine Corps Base Hawaii, Kaneohe Bay, Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for five months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Erin L. Alexander, JAGC, USN*

For Appellee:
*Major Kerry E. Friedewald, USMC*
*Lieutenant Kimberly Rios, JAGC, USN*

———————————————

**This opinion does not serve as binding precedent,
but may be cited as persuasive authority under
NMCCA Rule of Practice and Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted in accordance with his pleas of two specifications of possessing child pornography, one specification of indecent conduct, and one specification of adultery, all in violation of Article 134, Uniform Code of Military Justice [UCMJ].[1] In his sole assignment of error, Appellant avers that his possession of sexually explicit images of two separate minors "is not the sort of conduct which warrants criminal prosecution for possessing child pornography. Thus, this conviction unreasonable [sic] exaggerates the criminality of his conduct."[2] We find no error and affirm.

## I. BACKGROUND

The Marine Corps Criminal Investigative Division responded to a complaint made by Appellant's wife. She alleged she discovered images on Appellant's cell phone that indicated he was having sex with someone outside their marriage and that he possessed child pornography.

In the ensuing investigation by the Naval Criminal Investigative Service, special agents interviewed Ms. Fontana,[3] whose sexually explicit images were found on Appellant's cell phone. Having met Appellant at a concert, Ms. Fontana described how they embarked on a consensual sexual relationship where they had sexual intercourse and engaged in other sex acts in public locations such as a movie theater, mall parking lot, and a public park, and later in a private hotel room. Ms. Fontana told the special agents that Appellant recorded some of their sexual congress on his cell phone and that they had sent each other text messages with nude and sexually explicit images and videos of

---

[1] 10 U.S.C. § 934. Additionally, Appellant was charged with two specifications under Article 120, UCMJ, and four specifications under Article 134, UCMJ, which were withdrawn and dismissed by the Government in accordance with a negotiated plea agreement.

[2] Appellant's Brief at 3. Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] All names in this opinion, other than those of the judges and counsel, are pseudonyms.

one another. Ms. Fontana was either sixteen or seventeen years of age when these sexually explicit images were taken. She was not made aware that Appellant was married until well after they had begun having sexual intercourse.

Appellant's wife identified nude photographs of another girl, Ms. Falke, who was the sister of Appellant's best friend from high school. Prior to Appellant joining the Marine Corps and while in high school himself, Appellant was living with this family. Appellant admitted taking a video through a hole in the home's bathroom door, focusing on Ms. Falke's exposed breasts, buttocks, and pubic area as she was changing. At the time, Ms. Falke was approximately fifteen years old and Appellant was approximately one year older. However, Appellant subsequently made still images from the video and transferred the images between his devices and online cloud storage multiple times, to include downloading them from the cloud and storing them on his personal devices in Hawaii as an adult Marine.[4]

## II. DISCUSSION

In his sole, summary assignment of error, Appellant asserts this Court should disapprove the two specifications relating to his possession of child pornography as they inappropriately and unreasonably exaggerate his criminality. We disagree, finding the evidence supports not only the offenses but the clear and unambiguous intent of the statute.

As provided in admitted exhibits from both the Defense and the Government, Appellant's own sworn Stipulation of Fact, and his sworn testimony, Appellant knowingly and wrongfully possessed images of minors engaged in sexually explicit conduct. He knew that Ms. Fontana was either sixteen or seventeen when he took pictures of her as they engaged in sexual acts. As this Court recently addressed in *United States v. Taman,*[5] the fact that a Service Member may lawfully, under the UCMJ, engage in consensual sexual acts with a person sixteen years of age or older does not in any way alter the criminality of his *separate* act to possess sexually explicit images made of this or any other per-

---

[4] *See* Def. Ex. H at 2.

[5] *United States v. Taman*, No. 201900175, 2020 CCA LEXIS 442 (N-M. Ct. Crim. App. Dec. 11, 2020) (unpublished).

son under the age of eighteen. Such images "are not mere records of the defendant's fantasies, but child pornography that implicates actual minors and is primed for entry into the distribution chain."[6]

Regarding the other specification in question, while Appellant emphasizes that both he and Ms. Falke were teenagers at the time he took the video, the Government did not charge him with production of child pornography but with possession. Appellant pleaded guilty and negotiated for sentencing protections from the convening authority concerning his actions not as a teenager in Florida, but as an adult and an active duty Marine. At some time prior to his transfer to duties in Hawaii, Appellant saved the video and image to his own encrypted and password-protected cloud account he established to ensure he maintained possession of the videos and images. Nearly a year after he came to Hawaii, Appellant actively pulled these images from his cloud account and loaded them onto both his computer and a separate flash drive.[7]

Moreover, we note that in his brief to this Court, Appellant asserts that the video he took of Ms. Falke that he later captured in still images was made "with her consent."[8] This stands in direct contradiction to his providence colloquy with the military judge in which he provided sworn testimony that,

> ACC: I knew her age. I knew that she was nude. And it was taken *without her consent.*
>
> MJ: Did she know you were videotaping or recording her?
>
> ACC: No, sir.
>
> MJ: Did she ever become aware that you did?
>
> ACC: No, sir.[9]

But this Court granted Appellant's Motion to Attach Ms. Falke's sworn declaration made months after the trial, stating that she had consented to Appellant taking video of her some five years before.[10] Nonetheless, as discussed,

---

[6] *Id.* at *16 (quoting *United States v. Hotaling*, 634 F.3d 725, 730 (2d Cir. 2011) (internal quotation marks omitted) (citing *Osborne v. Ohio*, 495 U.S. 103, 110 (1990)).

[7] *See* R. at 33-36.

[8] Appellant's Brief at 4.

[9] R. at 28 (emphasis added).

[10] *See* Appellant's Mot. to Attach encl. 1 (Dec. 2, 2019) (Declaration of Ms. Falke, Oct. 8, 2019). This motion was submitted and granted prior to our superior court's decision in *United States v. Jessie*, 79 M.J. 437 (C.A.A.F. 2020) and amendment to this

*supra*, even were we to fully accept Ms. Falke's out-of-court statement that Appellant had her consent *to take* a lascivious video of her as a minor several years prior and disregard Appellant's clear sworn testimony, Appellant's continued steps to actively *possess* this child pornography as an adult Marine is the proscribed act to which he pleaded and was found guilty.[11]

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and the sentence are correct in law and fact and that there is no error materially prejudicial to Appellant's substantial rights.[12] Accordingly, the findings and the sentence in the Entry of Judgment are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

Court's Rules requiring the moving party to state how the proposed document is relevant to the case and to explain how the motion is consistent with *Jessie. See* N-M. Ct. Crim. App. Rule 23.4 (July 15, 2020).

[11] We also note that Ms. Falke, as a minor at the time, was incapable of providing consent in any fashion concerning the production, possession, or distribution of these lascivious images of a minor.

[12] UCMJ arts. 59, 66.