16-1964-cr
United States v. Filippi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand seventeen.

PRESENT: REENA RAGGI,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
             JOAN M. AZRACK,
                  *District Judge*.[*]

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                       *Appellee*,

           v.                                          No. 16-1964-cr

CHRISTOPHER FILIPPI,
                     *Defendant-Appellant*.

-----------------------------------------------------------------------

---

[*] Judge Joan M. Azrack, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:                    Lawrence D. Gerzog, Esq., New York, New York.

FOR APPELLEE:                     Nicolas Commandeur, Assistant United States Attorney, *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 14, 2016, is AFFIRMED.

Defendant Christopher Filippi is serving a 180-month prison term following his 2016 conviction for multiple counts of receiving and possessing child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B), (b)(2). Filippi challenges his sentence as procedurally and substantively unreasonable. In reviewing a sentence for reasonableness, we apply "a particularly deferential form of abuse-of-discretion review" to both the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness). *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (*en banc*); *accord United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). We will identify substantive unreasonableness only in "exceptional cases" where the challenged sentence cannot be located within the wide range of permissible decisions available to the district court, *United States v. Cavera*, 550 F.3d at 189, that is, where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123

(2d Cir. 2009). In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Sexual Abuse Pattern Enhancement

Filippi argues that the district court committed procedural error in imposing a five-level enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor," U.S.S.G. § 2G2.2(b)(5). *See United States v. Cavera*, 550 F.3d at 190 (identifying Guidelines calculation mistake as procedural error). Such activity includes "sexual act[s] with another person [under] the age of 12 years," 18 U.S.C. § 2241(c); *see* U.S.S.G. § 2G2.2 cmt. n.1, even when acts constituting the pattern are temporally remote from the crime of conviction and where the defendant himself was a juvenile when engaging in the pattern, *see United States v. Reingold*, 731 F.3d 204, 223, 225 (2d Cir. 2013). Here, the facts stated in the Presentence Investigation Report ("PSR") adopted by the district court and in the credited testimony of Filippi's stepsiblings about his frequently engaging his stepsister in sexual intercourse when she was five to twelve years old and Filippi was five years older manifest sexual abuse of a minor under 18 U.S.C. § 2241(c) and, thus, support the enhancement without us needing to decide what, if any, conduct not qualifying under § 2241(c) could also do so. *See United States v. Reingold*, 731 F.3d at 223.

Filippi further argues that application of the pattern enhancement renders his sentence substantively unreasonable because it effects a 7.5-to-9.5-year increase in his Guidelines range that exceeds the maximum sentence he could have received if convicted

3

of the underlying sexual abuse. *See* 18 U.S.C. § 5037(c). This misperceives the purpose of the enhancement, which is not to punish prior conduct but to assess the risk of recidivism and potential harm. *See United States v. Reingold*, 731 F.3d at 222–23. Accordingly, that Filippi was a minor at the time of the past pattern of abuse may be a mitigating factor, but it is "not relevant to [the] Guideline's *applicability*." *Id.* at 224–25 (emphasis added). In sum, because the enhancement does not necessarily place the sentence outside the "range of permissible decisions," *United States v. Rigas*, 583 F.3d at 122 (internal quotation marks omitted), we identify no substantive error in the district court's application of the Guideline here.

No different conclusion is compelled by *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), which instructs courts to apply § 2G2.2 enhancements with care to avoid unreasonable results. The district court acknowledged this obligation in explaining its specific Guideline application and its decision to grant a considerable downward variance.

*United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), is also inapt. In holding a sentence substantively unreasonable, the court's conclusion that § 2G2.2 could not "bear the weight assigned it" was based largely on the absence of any allegations that the defendant "used peer-to-peer file sharing software, distributed images, or participated in chat rooms devoted to child pornography," or that he engaged in any "sexually dangerous behavior" apart from the crimes of conviction. *Id.* at 190 (internal quotation marks omitted). By contrast, Filippi did use such software and had previously sexually abused his stepsister over a period of years.

4

Accordingly, we see no procedural error in the district court's careful exercise of discretion and no substantive error in the resultant sentence.

2.    Distribution Reduction

Filippi argues procedural error in the failure to apply a two-level reduction to his Guidelines calculation pursuant to § 2G2.2(b)(1) (allowing reduction if "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor," and defendant "did not intend to traffic in, or distribute, such material"). Filippi observes that the district court made no explicit finding of intent and adopted the PSR's conclusion that there was insufficient evidence to establish knowing distribution of pornography.    The requirements for § 2G2.2(b)(1) eligibility, however, are in the conjunctive, and Filippi fails to satisfy the first.    *See United States v. Reingold*, 731 F.3d at 228 (observing reduction of base possession offense level applies where *both* "'conduct was limited to the receipt or solicitation' of child pornography, *and* 'the defendant did not intend to traffic, or distribute, in such material'" conditions are met (emphasis in original)).

The Guidelines commentary makes clear that "distribution" involves "*any* act . . . *related to the transfer of material* involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2 cmt. n. 1 (emphasis added).    The district court made the undisputed finding that Filippi had placed child pornography in a computer folder shared by the peer-to-peer software he used to obtain it, resulting in a law enforcement officer successfully downloading such material.    Filippi's conduct was not, therefore, "limited to the receipt or solicitation of material," *id.* § 2G2.2(b)(1), but rather included

5

distribution, whatever his intent, *see United States v. Abbring*, 788 F.3d 565, 568 (6th Cir. 2015) (observing that § 2G2.2(b)(1)'s "requirements are conjunctive" and that "distribution in the sense of transfer or sharing (even without regard to knowledge)" precludes reduction).

Because Filippi thus failed to satisfy both requirements of § 2G2.2(b)(1), the district court did not commit procedural error in denying him a two-level reduction.

3.      Alleged Double Counting

Filippi contends that the district court's application of a two-level enhancement for the involvement of prepubescent children or children under 12 in the charged pornography, *see* U.S.S.G. § 2G2.2(b)(2), and a four-level enhancement for its depictions of sadistic or masochistic conduct, *see id.* § 2G2.2(b)(4), is impermissible double-counting because the latter enhancement was justified solely by the depiction of adult intercourse with prepubescent children, *see United States v. Freeman*, 578 F.3d 142, 146–47 (2d Cir. 2009) (holding adult intercourse with prepubescent minor alone sufficient to support § 2G2.2(b)(4) enhancement).    We are not persuaded.

"Impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines," although enhancements predicated on the same conduct "may properly be imposed when they aim at different harms emanating from" that conduct.  *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir. 2000) (internal quotation marks omitted).    The enhancements applied here plainly "aim at different harms," *id.*: § 2G2.2(b)(2) at the harm of involving prepubescent children in

6

pornography, and § 2G2.2(b)(4) at the harm of sadistically abusing children. Because the former harm can arise even absent an adult having intercourse with the depicted prepubescent child, a depiction of such sadistic abuse reflects a distinct and greater harm. Indeed, Filippi was independently eligible for both enhancements because he possessed pornographic images of prepubescent children without sadistic or masochistic conduct, in addition to images depicting such conduct. Accordingly, we identify no procedural error in the application of both enhancements.

Nor do we identify substantive error in the sentence resulting from the application of both enhancements. *See United States v. Dorvee*, 616 F.3d at 188 (discouraging piling on of enhancements). The district court explained its reasons for applying each enhancement and, hence, the Guidelines range of 210 to 262 months. Further, pursuant to 18 U.S.C. § 3553(a), the district court discussed the various mitigating and aggravating factors informing its decision to impose a below-Guidelines 180-month sentence. Filippi points to no error in those explanations, and, finding none, we conclude that the challenged sentence is not so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" to be deemed substantively unreasonable. *United States v. Rigas*, 583 F.3d at 123; *see United States v. Jones*, 531 F.3d 163, 174 (2d. Cir. 2008) (recognizing that "broad range" of sentences can be considered substantively reasonable under totality of circumstances).

4.      Conclusion

We have considered Filippi's other arguments and conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8