24-434 (L)
*United States v. Hotaling*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-five.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    JON O. NEWMAN,
>    RICHARD J. SULLIVAN,
>        *Circuit Judges*.

------------------------------------------------

UNITED STATES OF AMERICA,

>        *Appellee*,

>    v.                                                      24-434 (L)
>                                                            24-436 (CON)

JOHN HOTALING,

>        *Defendant-Appellant*.

------------------------------------------------

For Appellee:                          JOSHUA ROTHENBERG, Assistant United States Attorney, *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:               SARAH KUNSTLER, Kunstler Law, Brooklyn, NY.

Appeal from judgments of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-Appellant John Hotaling appeals from the judgments of the United States District Court for the Northern District of New York (Suddaby, *J.*), convicting him, after his guilty plea, of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A), (C) and revoking the term of supervised release he was serving at the time of the offense. The district court sentenced Hotaling principally to 188 months of imprisonment for possessing child pornography and 12 months for his supervised release violations, to be served consecutively. On appeal, Hotaling argues that the government breached the terms of his plea agreement by advocating for sentencing enhancements beyond those to which the parties stipulated and also that his sentence is procedurally and substantively unreasonable.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM**.

### I. Breach of Plea Agreement

In Hotaling's plea agreement with the government, the parties stipulated to a base offense level and to the applicability of several enhancements and adjustments under the U.S. Sentencing Guidelines ("Guidelines").[2] At the change-of-plea hearing, the government estimated that

---

[1] Although Hotaling appeals from both the judgment convicting him of possessing child pornography and the judgment revoking his supervised release, his appellate briefs do not address the validity of the revocation or Hotaling's revocation sentence. He has thus abandoned any challenge to that judgment. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("[A]n appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

[2] The plea agreement did not address Hotaling's total offense level, his criminal history, or the anticipated Guidelines sentencing range.

Hotaling's total offense level was 21 and, based on a criminal history category of IV, the expected sentencing range under the Guidelines was 57 to 71 months. Because Hotaling's offense carried a 120-month mandatory minimum, that became the anticipated Guidelines sentence pursuant to U.S.S.G. § 5G1.1(b). The plea agreement provided that Hotaling would not appeal a sentence at or below this mandatory minimum.

In preparing the Presentence Report ("PSR"), Probation recommended two enhancements and one upward adjustment beyond those stipulated to in the plea agreement. The government endorsed the PSR's calculation which, by including these new provisions, raised Hotaling's total offense level to 32 and resulted in a Guidelines sentencing range of 151 to 188 months.[3] The district court accepted the PSR's calculation as its own and sentenced Hotaling to 188 months on the federal crime of conviction. Hotaling argues that the government breached the plea agreement by endorsing the PSR's application of the sentencing enhancements and adjustment not stipulated to in the plea agreement. We disagree.

"'We review interpretations of plea agreements *de novo* and in accordance with general principles of contract law.'"[4] *United States v. Wilson*, 920 F.3d 155, 162 (2d Cir. 2019) (quoting *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002)). Because plea agreements are not typical contracts, "we temper the application of ordinary contract principles with 'special due process concerns for fairness and the adequacy of procedural safeguards.'" *United States v. Granik*, 386 F.3d 404, 413 (2d Cir. 2004) (quoting *United States v. Altro*, 180 F.3d 372, 375 (2d Cir. 1999)).

---

[3] The PSR determined that Hotaling was actually in criminal history category III, not category IV as predicted by the government at the change-of-plea hearing.

[4] The government argues that we should review Hotaling's claim for plain error because he only challenged the applicability of the additional enhancements and adjustment below and did not object on the specific ground that the government had breached the plea agreement. Because Hotaling cannot establish that the government breached the plea agreement under any standard of review, we decline to consider this argument.

Accordingly, "we tend to favor the defendants in cases of doubt." *United States v. Lajeunesse*, 85 F.4th 679, 692 (2d Cir. 2023). "To determine whether the Government is in breach of the agreement, we look both to the precise terms of the plea agreement and to the parties' behavior and seek to determine what the reasonable understanding and expectations of the defendant were as to the sentence for which he had bargained." *United States v. Johnson*, 93 F.4th 605, 616 (2d Cir. 2024) (internal quotation marks and alterations omitted).

The government's endorsement of the PSR's offense level calculation was consistent with the plain terms of the plea agreement and the reasonable expectations of the defendant. Although the parties agreed to a base offense level and the application of certain Guidelines provisions, nothing in the agreement indicates that the government was bound to argue that the district court consider only the agreed upon points. To the contrary, the plea agreement explicitly states that it "does not prevent the government from urging the sentencing Court to find that a particular offense level, criminal history category, ground for departure, or guidelines range applies." App'x at 115. Nor does the plea agreement contain an estimate of Hotaling's total offense level or Guidelines sentencing range. Indeed, the only time the government provided an estimated Guidelines calculation was at Hotaling's change-of-plea hearing, during which the government explained that its calculation was "just an estimate" and cautioned Hotaling that "[s]hould it prove to be incorrect, [he] would not be allowed to withdraw his plea." App'x at 215. The government's endorsement of the PSR's offense level calculation thus did not stray from "what the parties reasonably understood to be the terms of the agreement." *United States v. Taylor*, 961 F.3d 68, 81 (2d Cir. 2020) (quoting *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005)). Accordingly, the government did not breach its agreement with Hotaling. *See United States v. McDermott*, No. 24-511-cr, 2024 WL 5114132 (2d Cir. Dec. 16, 2024) (summary order) (concluding that the

4

government did not breach a substantively identical plea agreement by arguing for an enhancement at sentencing not included in the plea agreement's sentencing stipulations).

## II.    Procedural Reasonableness

Hotaling next argues that his sentence was procedurally unreasonable because the district court failed adequately to explain its Guidelines calculation and because it erred in applying certain Guidelines provisions.    We discern no procedural error.

We review preserved challenges to "the procedural . . . reasonableness of a sentence under a deferential abuse-of-discretion standard," *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (per curiam), and unpreserved procedural challenges using a "rigorous plain error analysis," *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).    As relevant to Hotaling's challenges here, a district court commits procedural error where "it fails adequately to explain its chosen sentence" or "makes a mistake in its Guidelines calculation."    *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

Hotaling first contends that the district court procedurally erred by failing adequately to explain its reasons for adopting a four-point portrayal of sadism enhancement pursuant to U.S.S.G. § 2G2.2(b)(4) and a two-point obstruction of justice adjustment pursuant to U.S.S.G. § 3C1.1. Hotaling did not raise this argument below, so we review for plain error.    *Villafuerte*, 502 F.3d at 208.    Sentencing courts have an obligation to "make findings that are sufficiently specific to permit meaningful appellate review."    *United States v. Rainford*, 110 F.4th 455, 476 (2d Cir. 2024) (quoting *United States v. Flores*, 945 F.3d 687, 721 (2d Cir. 2019)).    A sentencing court meets this obligation "if the court indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations in the PSR."    *Id.* (quoting *United States v. Wagner-Dano*, 679 F.3d 83, 90 (2d Cir. 2012) (alteration accepted)).    At Hotaling's sentencing

5

hearing, the district court "adopt[ed] the factual information and the guideline applications contained in the Presentence Investigation Report." App'x at 238. Because the PSR is sufficiently detailed to permit our review of the alleged Guidelines errors, we discern no procedural error—plain or otherwise.

Hotaling next contends that the district court procedurally erred by applying U.S.S.G. § 2G2.2(b)(4)'s portrayal of sadism enhancement based on his possession of an image digitally altered to depict "an eleven-year-old prepubescent female, being vaginally penetrated by an adult male penis." PSR at ¶ 48. To create the image, Hotaling superimposed the head of a minor female from a nonpornographic photo over the head of an adult female in a sexually explicit photo—a process known as "morphing." According to Hotaling, the district court abused its discretion in applying the § 2G2.2(b)(4) enhancement because no child felt pain in the creation of the image at issue, and the photo does not depict an act that is objectively sadistic. We disagree.

Section 2G2.2(b)(4) provides that a four-level enhancement applies "[i]f the offense involved material that *portrays* . . . sadistic or masochistic conduct." (emphasis added); *see also United States v. Freeman*, 578 F.3d 142, 146 (2d Cir. 2009). It makes no difference that the image was created through morphing and does not document real sadistic conduct. Indeed, we held in resolving Hotaling's challenge to his previous child pornography conviction "that § 2G2.2(b)(4) applies in cases of morphed child pornography where a sentencing court, applying an objective standard, finds by a preponderance of the evidence that the morphed image portrays both sexual activity involving a minor and sadistic conduct which includes the likely infliction of pain, delight in physical or mental cruelty, the use of excessive cruelty, or other depictions of violence." *United States v. Hotaling*, 634 F.3d 725, 731 (2d Cir. 2011) (internal quotation marks omitted). In that case, we concluded that a morphed image depicting "a partially nude minor,

6

restrained by handcuffs, a dog collar and leash, tied to a dresser" qualified for the § 2G2.2(b)(4) enhancement in part because the "image portray[ed] the minor in a situation that would have caused at least some level of pain." *Id.* at 726, 731. We have said that images depicting a prepubescent minor being vaginally penetrated by an adult are sadistic because they portray an act "likely to cause pain to one so young." *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996); *Freeman*, 578 F.3d at 144, 147-48. The district court therefore did not abuse its discretion in applying the § 2G2.2(b)(4) enhancement here.

Hotaling also argues that it was procedurally unreasonable for the district court to apply an obstruction of justice adjustment. Section 3C1.1 instructs district courts to increase an offense level by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]"

In this case, a Probation Officer conducting a home visit discovered Hotaling in possession of unauthorized electronic devices. A forensic examination of the seized devices revealed child pornography, as well as evidence that an unrecovered flash drive had been connected to Hotaling's laptop and contained a folder with the directory "girls/Real/Fakes/[victim's name]." Hotaling admitted to investigators that he destroyed and then discarded the missing flash drive following the initial search of his residence. Although Hotaling concedes that his conduct was obstructive, he argues that § 3C1.1 was wrongly applied to his federal crime of conviction as he was only attempting to thwart Probation's investigation into his supervised release violations. He notes that he was not indicted for possessing child pornography until nearly a year after the initial home

7

visit and thus his obstructive act could not have been intended to obstruct the investigation into that charge.  We disagree.

Section 3C1.1 applies so long as the obstructed investigation "plainly encompassed the conduct at issue in the federal crime of conviction." *United States v. Ayers*, 416 F.3d 131, 134 (2d Cir. 2005).  Here, Hotaling's federal criminal indictment arose from the same conduct as his supervised release violation.  The district court thus did not err in concluding that the obstruction of justice adjustment was therefore warranted in this case.  *See id.* (concluding that obstructive conduct which occurred during a state investigation qualified the defendant for the § 3C1.1 adjustment where the federal indictment was based on related conduct).

### III.     Substantive Reasonableness

Hotaling finally contends that his sentence was substantively unreasonable because the district court imposed it based on a Guidelines range tainted by procedural errors.  As explained above, the district court did not err in calculating the Guidelines sentencing range.  And even assuming the court had erred in its calculations, Hotaling's sentence would not be substantively unreasonable.[5]

"Review for substantive unreasonableness requires that we consider 'the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts.'" *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quoting *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016)).  We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189

---

[5] The district court explained at the sentencing hearing that, even assuming Hotaling's objections to the offense level calculation were meritorious, "the Court would have imposed this exact same sentence regardless of the guideline[s] range."  App'x at 243.

(internal quotation marks and emphasis omitted), such as when "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

The district court's analysis of the 18 U.S.C. § 3553(a) factors—specifically Hotaling's history and characteristics, the need for deterrence, the need to promote respect for the law, and the seriousness of the offense—adequately supports the sentence imposed. The court explained that "Hotaling is unwilling or unable to control his impulses or refrain from acting on his sexual attraction to minors[.]" App'x at 241. He was first convicted of possessing child pornography in 2009, reoffended while awaiting sentencing in that case, and has now engaged in the same criminal conduct while on supervised release and after completing sex offender treatment. The district court noted that Hotaling even revictimized one of the victims from his 2009 offense. Hotaling has multiple prior arrests involving inappropriate contact with minors and the investigation into his instant offense revealed that he molested a minor on five occasions when she was between the ages of seven and nine. The district court also emphasized that Hotaling committed multiple violations of the Sex Offender Registration and Notification Act and destroyed evidence in order to conceal and continue his inappropriate behavior. We thus discern no abuse of discretion in the district court's conclusion that Hotaling's sentence was justified under the circumstances of this case.

9

\*    \*    \*

We have considered Hotaling's remaining arguments and conclude that they are without

merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk